CURTIS *v.* SLATER CONSTRUCTION CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FIND-
   INGS OF INDUSTRIAL ACCIDENT BOARD—CONCLUSIVENESS—JUDG-
   MENT.

   In affirming an award of the industrial accident board, un-
   der the workmen's compensation act, to plaintiff's hus-
   band (194 Mich. 259), the Supreme Court found that the
   testimony supported the finding of the board, but did not
   pass upon, and could not decide, any issues of fact as to
   which the finding of the board is made conclusive by stat-
   ute when supported by any competent testimony.

2. SAME—PARTIES—DEPENDENTS.

   Under section 7, part 2, of the workmen's compensation act
   (2 Comp. Laws 1915, § 5437), no dependent of an injured
   employee is deemed a party in interest to any proceeding
   by him for compensation during his lifetime.

3. SAME—DEATH FROM ACCIDENT—CLAIM BY WIDOW—NEW CAUSE
   OF ACTION—LIMITATION OF ACTION.

   A claim of the widow for the death of an employee, although
   based on an accident for which he receives compensa-
   tion in his lifetime, is a new cause of action, and under
   section 15, part 2, of the act (2 Comp. Laws 1915, § 5445),
   no proceedings for compensation therefor can be main-
   tained unless the claim is made within six months of the
   death.

4. SAME—NOTICE—LIMITATION OF ACTION.

   Where proceedings for additional compensation to an in-
   jured employee were pending at the time of his death, a
   notice of his death, mailed to his employer, entitled in
   the cause pending and signed by his attorney, was insuf-
   ficient notice of claim for compensation by the widow,
   based upon his death.

Certiorari to Industrial Accident Board.  Submit-
ted April 23, 1918.  (Docket No. 36.)  Decided Sep-
tember 27, 1918.

Maria Curtis presented her claim for compensation

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.
   202—Mich.—43.

against the Slater Construction Company for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed, and award set aside.

*Alexander & Cotter,* for appellant.

*DeHull N. Travis,* for appellee.

STEERE, J.   On November 20, 1913, John N. Curtis, husband of plaintiff, sustained an accidental injury while in defendant's employ by which he was incapacitated for the work in which he was engaged until December 10, 1913, when he returned and continued in defendant's service until some time in January, 1914, quitting, as defendant claimed, because most of its employees were laid off at that time owing to weather conditions and there was no further work for him to do. How steadily he worked after returning is a matter in dispute. When he returned to work on December 10, 1913, an agreement was entered into between him and defendant in regard to compensation for his injuries under provision of the employers' liability act, measured by one-half his average weekly wages during the period he was absent and incapacitated for work by reason of the accident. The agreement, signed by the respective parties, stated the nature of the accident and his injuries as follows:

"A ditch caved in and bruised said John Curtis about the lower limbs and strained one knee."

This settlement was approved by the industrial accident board and the stipulated compensation paid. A year later, on December 6, 1914, Curtis made application to the industrial accident board to reopen the case, claiming he was misled into signing the settlement agreement and receipt for payment as specified, requesting a hearing and further allowance of compen-

sation. The board entertained this petition and proceeded to take testimony under it, including that of Curtis himself, who died on February 11, 1915, while the matter was yet pending. Notice of his death was filed in the case and mailed to defendant, after which an administrator of his estate was appointed, on April 19, 1915. On September 23, 1915, ·the industrial accident board made an award granting to decedent's estate, or its legal representative, compensation at the rate of one-half his weekly wages from the time of the last payment until the date of his death, or for 54 weeks in addition to that previously paid under the approved agreement. Defendant thereupon removed the case to this court for review by certiorari and the award was affirmed on December 22, 1916 (*Curtis* v. *Slater Construction Co.*, 194 Mich. 259).

On February 2, 1917, plaintiff filed with the industrial accident board and served on defendant a claim for compensation because of the accidental death of said John N. Curtis while in defendant's employ, made as dependent widow of deceased according to the form adopted by the accident board for that purpose.

Defendant denied liability, filing and serving its grounds of contest and an arbitration hearing was thereafter had before Fred A. Zierleyn, a deputy commissioner of the board authorized to act in the matter as chairman, at which hearing representation of the committee of arbitration was waived by stipulation of the parties. The proofs and allegations of the parties having been heard and submitted by consent to said deputy commissioner acting as a committee of arbitration, a decision was thereafter rendered in favor of defendant, and claim for review before the full board was then filed by plaintiff. Upon such review, without taking further testimony, the board by a majority opinion reversed the arbitration decision and made an award· to plaintiff of one-half deceased's

weekly wages for 300 weeks, less that already paid, or awarded, to his estate. A dissenting opinion was filed by the chairman of the industrial accident board, based chiefly on the ground that plaintiff had not made claim for compensation within six months of the death of her husband, at which time her right of claim first arose distinct from that made by him in his lifetime. This view seems to find support and precedent in a former ruling of the board reported in its Michigan Workmen's Compensation Cases (of 1916), page 430, where it is held that in case of death of the injured employee after approval of an agreement with him in regard to compensation, no right of claim existed to his widow or other dependents until his death, out of which it arose as a "new right of action, * * * in no way affected by any agreement or action of the deceased," and

"In disputed cases where it is contended that the death was not the result of the injury, or where other defenses are interposed, the widow or the dependents are entitled to make application for arbitration, as the case is an original one not affected by the agreement in regard to compensation made by the deceased before his death."

It is undisputed that the case of John Curtis against defendant came under jurisdiction of the industrial accident board in the first instance only by virtue of the agreement with him in regard to a settlement, which it approved, and but for jurisdiction thus acquired the board could not have entertained his belated application made nearly a year later for additional compensation.

Defendant's various contentions center upon the two propositions that there is no evidence in the record to support the board's finding that deceased's death resulted from an accidental injury; and no claim for

compensation was made by plaintiff within six months after his death as required by section 15, part 2, of the act (2 Comp. Laws 1915, § 5445).

Curtis was about 64 years of age at the time of his decease. The medical certificate of his death, dated February 13, 1915, gave the cause of death as follows: "Bright's disease, contributory (secondary) partial paralysis of lower extremities." His physician, who signed this certificate, had been called to attend him about a year after his accident and testified that he found him afflicted with a partial paralysis of his lower limbs which subsequently resulted in his death; that from the history of the case as he learned it, together with deceased's condition as he diagnosed it, he was of the opinion that the partial paralysis he found resulted from the accident of over a year before, upon which deceased's and, later, plaintiff's claims were based. This opinion was controverted by a physician who visited deceased shortly after the accident and by other expert testimony. Much of the testimony in both cases was devoted to this issue of fact and runs along similar lines, being there directed to the cause of deceased's then condition, in relation to which he testified, and here to the cause of his death. The point is stressed for plaintiff that in the case of John Curtis against defendant, both the industrial accident board and this court found that he was "totally disabled as a result of accident," and "rightly paid compensation up to the time of his death," which apparently is assumed as the starting point for inquiry into plaintiff's rights. This court did not pass upon, and could not decide, any issues of fact, as to which the finding of the board is made conclusive by statute when supported by any competent testimony. It was there found that the testimony of Curtis and his physician gave support to the finding of the board and the award was affirmed, since, as said in *Redfield* v. *Insurance Co.,* 183 Mich.

633, "unless there was no proof to support the finding of fact, this court has no power to interfere."

The question of whether there is any proof to support the finding that deceased's death resulted from the accident, which is elaborately argued in the briefs of counsel seems, however, on this record secondary to the more direct and serious question of an intervening statute of limitations. Under section 7, part 2, of the act (2 Comp. Laws 1915, § 5437), by authority of which this claim is made, no dependent of an injured employee can be deemed during the employee's life a party in interest to any proceeding by him for enforcement of any claim for compensation, nor as respects compromise thereof by the injured employee. From this it would seem to follow, in harmony with the previous ruling of the board above referred to, that, not being a party in interest to the proceeding by her husband during his lifetime, plaintiff's subsequent claim, or "new cause of action" arising from his death, was not beneficially or detrimentally affected through anything done by him in his proceeding, except a possible reduction of her claim by reason of payments actually made to him. Aside from this, whether her husband's death immediately followed the accident or he lived to institute proceedings for compensation in his own behalf, her claim based on a new, original right arising from his death was the same. She admits and it is undisputed that the first and only direct claim made upon defendant by her after her husband's death for compensation in compliance with the act was in 1917, about 22 months after her husband's death in February, 1915.

By section 15, part 2, of the act (2 Comp. Laws 1915, § 5445), no proceedings for compensation can be maintained unless the claim therefor is made within six months after the accident "or, in case of death of the employee, or in the event of his physical or mental in-

capacity, within six months after death or the removal of such physical or mental incapacity." The limitation of time for making claim for compensation in case of death, whether contemporaneous with the accident or later, is plainly expressed without qualification or exception. This court has had occasion in several recent cases to consider the provisions of this section in various aspects, emphasizing its mandatory character as a statute of limitations. *Podkastelnea* v. *Railroad Co.*, 198 Mich. 321; *Cooke* v. *Furnace Co.*, 200 Mich. 192; *Kalucki* v. *Foundry Co.*, 200 Mich. 604; *Dane* v. *Traction Co.*, 200 Mich. 612; *Schild* v. *Railroad Co.*, 200 Mich. 615; *Peterson* v. *Fisher Body Co.*, 201 Mich. 529. Notice of the injury and claim for compensation are separately mentioned in the act and both are required, the first to be given the employer within three months and the second made within six months.

The following notice of death was filed with the board by deceased's attorney, and a copy mailed to defendants at the same time, as he testified, but receipt of which is denied:

"Before the Honorable the Industrial Accident Board.
  "John N. Curtis *v.* Slater Construction Co.
"Take notice that your petitioner John N. Curtis died last night from his injuries.
                    "DEHULL N. TRAVIS,
                  "Attorney for Petitioner."

Although defendant denied receipt of any such paper the board in its majority opinion found as a fact it was mailed to the defendant, and expressed the belief, or assumed "that the respondent received it in the ordinary course of mail," construing it as follows:

"We think that notice constituted a claim on the part of the dependent wife to the effect that she intended to claim compensation on account of the death of her husband, if indeed any claim was necessary at all under the circumstances of this case."

We find no legal ground for so construing this brief

notice. The significant circumstances were the death of an injured employee during the pendency of his claim for compensation, giving rise, as the board once held, to a new and original cause of action or claim in favor of his widow. The notice makes no reference to her or any claim in her behalf, or any new cause of action. It is entitled in and relates to the cause of action or claim for compensation by John N. Curtis, named as petitioner, then pending before the board, and is signed by his counsel as "Attorney for Petitioner." It was a valid suggestion of death in that case and was followed by continuance of that proceeding in the name of his administrator to recover compensation claimed due him at the time of his death; but conceding it might serve as a notice of accidental death in compliance with the statute, preliminary to a claim by her for compensation arising by reason of her husband's death, it was but a notice of that event with no reference to her or suggestion of a new claim by her against defendant independent of the one then pending.

In support of the ruling that a claim by plaintiff within six months after the death was not required, the case of *Moffat* v. *Crow's Nest Pass Coal Co.*, 7 B. W. C. C. 1040, is cited wherein it was held, under the workmen's compensation act of British Columbia, that where the injured workman had instituted proceedings for compensation and died about two weeks later his dependents could continue the proceeding without fresh claim or notice. The British Columbia act, though containing a provision similar to the Michigan act as to claim and notice, provides further that want of notice, or any defect or inaccuracy in that connection shall not be a bar to the maintenance of such proceeding if it appears that the employer was not prejudiced in his defense thereby, thus giving latitude to the arbitrator for exercise of discretion in that par-

ticular and evidently with the death occurring so soon after the accident it so appeared; neither does the act of that province provide that the widow or other dependents shall not be parties in interest in proceedings instituted by him. That act varies from other restricting features found in the Michigan act, in connection with which under former decisions of this court the statutory limitation under consideration has been held mandatory.

Under the plain requirement of our statute it was incumbent on plaintiff to make claim for compensation within six months from February 11, 1915. She having failed to do so, the award of the industrial accident board appealed from was without jurisdiction and cannot be sustained.

The order is therefore reversed and the award set aside, with costs to appellant.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.