PARDEICK v. IRON CITY ENGINEERING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EMPLOYER'S REPORT OF ACCIDENT—ADMISSIONS.

In proceedings under the workmen's compensation act, the report of an accident to an employee by defendant's superintendent to the industrial accident board, after he saw the injured employee and had full time to investigate, was an admission by defendant and sufficient evidence to justify the board in finding that the accident was received as therein stated.

2. SAME—EVIDENCE—WEIGHT OF EVIDENCE — FINDING OF BOARD CONCLUSIVE.

Where there was an abundance of testimony justifying the finding of the board that the death of an employee was due to accident, the Supreme Court, on certiorari to review an award, may not consider whether the finding is against the weight of the evidence, since it is not the trier of the facts.

3. SAME—INJURED EMPLOYEE'S FAILURE TO CLAIM COMPENSATION NO BAR TO DEPENDENT'S CLAIM FOR DEATH.

A mother's claim for compensation for the accidental death of her son, made about a month after his death, is not barred by the fact that although he lived for nearly 14 months after the accident he made no claim for compensation, in view of the provisions of section 15, part 2, of the workmen's compensation act, as amended by Act No. 64, Pub. Acts 1919, and section 7, part 2, of the act (2 Comp. Laws 1915, § 5437).

4. SAME—NOTICE—PLEADING—NICETIES OF COMMON-LAW PLEADING NOT REQUIRED.

Where defendant employer had knowledge of the accident, which is the equivalent of notice under 2 Comp. Laws 1915, § 5448, and in its report to the industrial accident board correctly stated the place of the accident, neither it nor its insurer were prejudiced by the misstatement, in the claim for compensation, of the place of the ac-

On right and extent of review of findings of commission under workmen's compensation act, see note in L. R. A. 1917D, 186.

On notice of injury and claim for compensation under workmen's compensation act, in general, see notes L. R. A. 1916A, 83, 244; L. R. A. 1917D, 135; L. R. A. 1918E, 556.

cident; the niceties of common-law pleadings not being required, and a defendant not harmed may not complain of the pleading.

5. SAME—COMPENSATION FOR DEATH WHERE NO PAYMENTS MADE TO INJURED EMPLOYEE DATES FROM ACCIDENT.

Under sections 3, 5, 12, part 2 of the workmen's compensation act as amended by Act No. 64, Pub. Acts 1919, where compensation has been paid to an injured employee during his lifetime, compensation to his dependents for death from such injury begins with the date of his death, but when no compensation has been paid to him during his lifetime, compensation to his dependents dates from the date of the accident.

6. SAME—CASE REMANDED FOR ADDITIONAL TESTIMONY.

Where plaintiff's counsel concedes the paucity of testimony justifying the amount of compensation fixed by the board, his request that the case be remanded for further testimony on this question will be granted.

Certiorari to Department of Labor and Industry. Submitted October 27, 1922. (Docket No. 47.) Decided December 5, 1922.

Minnie Pardeick presented her claim for compensation against the Iron City Engineering Company for the accidental death of her son in defendant's employ. From an order awarding compensation, defendant and the Royal Indemnity Company, insurer, bring certiorari. Remanded.

*Frederick J. Ward,* for appellants.

*Alexander & Ruttle,* for appellee.

Plaintiff, mother of Edward Pardeick who was in the employ of defendant Iron City Engineering Company, was awarded compensation by the department of labor and industry after the death of her son, the basis of her claim being her partial dependency upon him for her support. Under date

of February 7, 1920, the superintendent of the engineering company reported an accident to the (then) industrial accident board, said report containing the following:

"4. Location of plant or place where accident occurred, 152 E. Congress St., rear.

"5. Name of employe, Edwin C. Pardeick.

"6. Address of employe (including street, house number and postoffice), 396 Cleveland Ave., Detroit.

"7. Occupation of employe, Stock boy.

"8. Age, 20.    9. Sex, Male.

"10. Date of accident, Jan. 29, 1920.

"11. Hour of accident, 11:30 A. M.

"12. Nature and cause of injury, Fell from top of stairway down five steps."

This report was sent after the superintendent had talked with Edward and had seen his condition and after he had had an opportunity to investigate the matter.   That night when Edward reached home he had his hands on his left side and ' complained of pain.   He went to work the next day but returned home about 10. o'clock in the forenoon.   He soon returned to work and remained with defendant for some time; he also worked for the King Motor Company. The record discloses that before the incident he was a rosy-cheeked, healthy, robust lad and that after the incident he grew pale, lost flesh and spirit.   In March, 1921, he went to a hospital where an operation was performed on him, and a tubercular displaced kidney was removed.   He died March 23, 1921.   The surgeon who performed the operation attributed the condition he found and his death to the fall in January, 1920. Edward had made no claim for compensation in his lifetime.   Shortly after his death plaintiff made claim for compensation, reciting that the accident occurred while deceased was carrying material downstairs in the Washington Theatre building.

Fellows, C. J. (*after stating the facts*).   The report to the industrial accident board was made by the superintendent after he saw Edward's condition, was told by him of the fall and after he had full time to investigate and determine whether the accident had occurred as claimed.   Under these circumstances it was an admission by the defendant and sufficient evidence to justify the department of labor and industry in finding that the accidental injury was received as therein stated.   *McCartney* v. *Wood-Temple Co.*, 217 Mich. 505.   There was also an abundance of testimony justifying the finding that the death of plaintiff's son was due to accident, and as we are not the triers of the facts we can not consider defendants' claim that the finding is against the weight of the evidence.

The injured employee made no claim for compensation although he lived for nearly 14 months after the accident.   It is insisted that his failure to claim compensation within the time required by the statute bars plaintiff from recovering in this proceeding.   We can not follow this contention.   By section 15 of part 2 of the act as amended (Act No. 64, Pub. Acts 1919) it is provided:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, within six months after said death;"   *   *   *

And by section 7 of part 2 of the act (2 Comp. Laws 1915, § 5437) it is provided:

"No dependent of an injured employee shall be

deemed, during the life of such employee, a party in interest to any proceeding by him for enforcement of the collection of any claim for compensation, nor as respects the compromise thereof by such employee."

Mr. Justice STEERE, speaking for the court in reference to this provision, in *Curtis* v. *Slater Construction Co.*, 202 Mich. 673, said:

"From this it would seem to follow, in harmony with the previous ruling of the board above referred to, that, not being a party in interest to the proceeding by her husband during his lifetime, plaintiff's subsequent claim, or 'new cause of action' arising from his death, was not beneficially or detrimentally affected through anything done by him in his proceeding, except a possible reduction of her claim by reason of payments actually made to him."

The claim of plaintiff as dependent was made April 25, 1921, about a month after her son's death. It was made within the time required by the express terms of the statute. The action or non-action of the employee in no way aided or detracted from her right.

We are not persuaded that defendants were in any way prejudiced by the misstatement in the claim for compensation of the place of the accident. Defendant had knowledge of the accident which is the equivalent of notice (2 Comp. Laws 1915, § 5448). In its report to the industrial accident board it correctly stated the place of the accident. We have frequently held that the niceties of common-law pleadings are not required in these proceedings, and where defendant was not harmed it can not complain.

Defendants' counsel insists that the department of labor and industry was in error in holding that compensation should be awarded from the date of the accident. This involves a consideration of portions of three sections of the act as amended by Act No.

64, Pub. Acts 1919.    Section 3, part 2, of the act as amended reads:

"No compensation shall be paid under this act for any injury which does not incapacitate the employee for a period of at least one week from earning full wages, but if incapacity extends beyond the period of one week, compensation shall begin on the eighth day after the injury:  *Provided, however,*  That if such incapacity continues for six weeks or longer or if death results from the injury, compensation shall be computed from the date of the injury."

Section 5 of the same part, as amended, reads:

"If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section twelve hereof, in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of the injury, a weekly payment equal to sixty per centum of his average weekly wages, but not more than fourteen dollars nor less than seven dollars a week for a period of three hundred weeks from the date of the injury.    If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury, the weekly compensation to be paid as aforesaid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury.    When weekly payments have been made to an injured employee before his death the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than three hundred weeks from the date of the injury."

In section 12 of the same part, as amended, will be found the following provision:

"If the injury so received by such employee was the proximate cause of his death, and such deceased employee leaves dependents, as hereinbefore specified,

wholly or partially dependent on him for support, the death benefit shall be a sum sufficient, when added to the indemnity which shall at the time of death have been paid or become payable under the provisions of this act to such deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical and hospital services and medicines furnished as provided in section four hereof, equal to the full amount which such dependents would have been entitled to receive under the provisions of section five hereof, in case the accident had resulted in immediate death, and such benefits shall be payable in weekly installments in the same manner and subject to the same terms and conditions in all respects as payments made under the provisions of said section five."

We are persuaded that this legislation contemplates that in cases where compensation has been paid to the injured employee during his lifetime compensation to his dependents begins with the date of his death; when no compensation has been paid to the employee during his lifetime compensation to his dependents dates from the date of the accident. Whether in all cases this will work out equitably is not for our consideration. Such argument may properly be addressed to the legislature.

Defendants' counsel insists that the amount of compensation fixed by the department of labor and industry was not fixed in accordance with the holdings of this court in *Kostamo* v. *Christman Co.*, 214 Mich. 652; *LaLonde* v. *Jennison Hardware Co.*, 219 Mich. 194. He further insists that there is no testimony in the case justifying the amount fixed or which would authorize this court in fixing any amount as the proper amount. Plaintiff's counsel concede the paucity of testimony and ask that the case be remanded for further testimony on this question. We think this should be done. *Carpenter* v. *Detroit Forging Co.*, 191 Mich. 45; *Campbell* v. *Cummer-Diggins*

*Co.,* 205 Mich. 430; *Engberg* v. *Mining Co.,* 201 Mich. 570.

The case will, therefore, be remanded for further proceedings not inconsistent with this opinion. Neither party will recover costs.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.