LONG *v.* ISLE ROYALE COPPER CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — PERIOD
FOR WHICH COMPENSATION IS PAYABLE FOR DEATH IS LIMITED
TO 300 WEEKS FROM DATE OF INJURY.

　　Where an injured employee was paid compensation for
　　total disability for 16 weeks and regular wages thereafter,
　　which, with the 16 weeks, made a total period of 286
　　weeks from the date of his injury up to the date of his
　　death, his dependents were entitled to recover compen-
　　sation for only 14 weeks; the period for which compen-
　　sation is payable being limited, under the statute (2 Comp.
　　Laws 1915, §§ 5435, 5442), to 300 weeks from the date of
　　the injury, and therefore the period for which he re-
　　ceived compensation and regular wages was properly de-
　　ducted.

Certiorari to Department of Labor and Industry.
Submitted April 7, 1927. (Docket No. 36.) De-
cided May 3, 1927.

Ellen Long and another presented their claim for
compensation against the Isle Royale Copper Company
for the accidental death of their decedent in defend-
ant's employ. From the order awarding compensa-
tion less than that claimed plaintiffs bring certiorari.
Affirmed.

*Derham & Derham,* for appellants.

*Rees, Robinson & Petermann,* for appellee.

STEERE, J. On December 18, 1918, while employed
as a timber boss in defendant's mine, James C. Long
sustained a serious industrial accident by being caught
between a skip and the side of a mine shaft, resulting
in a compound fracture of the pelvis and other in-

Workmen's Compensation Acts, —— C. J. § 95 (Anno).

juries.    He was taken to a hospital under defendant's directions where he was given surgical attention and properly cared for.    The accident was promptly reported by defendant and proceedings taken under the workmen's compensation law, followed by an agreement under which he was to receive maximum compensation during total disability, then fixed by law at $10 a week.    Compensation was paid him at that rate for about 16 weeks, when he had sufficiently recovered to report for duty and continue his employment at regular wages, though yet suffering more or less from his injury.    He was accounted a competent and faithful workman in the line of his employment and thereafter received promotions as opportunity arose, and "went over the other timber bosses," as his daughter testified.    He worked steadily from his resumption of employment, early in the spring of 1919, and lost no time on account of disability until the last working day before his death.    He came home from work on Saturday evening, June 14, 1924, about half an hour early, in great distress, and the physician who was called found him in a serious condition.    He was taken to the hospital, where he was operated upon, but died early Monday morning, June 16, 1924.    The accident had left an open wound and other complications from which he suffered more or less during the remainder of his life.    Under plaintiffs' lay and medical proofs, defendant's counsel conceded, in effect, that his death, though occurring about five and one-half years later, was imputable to the accidental injury which befell deceased on December 18, 1918. Plaintiffs are his widow and an adult daughter.    After his death they made application to the department of labor and industry for compensation as dependents, claiming to be entitled to the same for 300 weeks less the 16 weeks' disability payments he had already received.    The department granted them 14 weeks' compensation and they have appealed by certiorari.

It is urged in their behalf that they are entitled to 284 weeks' compensation, beginning from the last payment to deceased, under the provisions of section 5, part 2, of the compensation law (2 Comp. Laws 1915, § 5435), while it is contended in behalf of defendant that, as the last payment made to deceased was in April, 1919, compensation to dependents could only be continued from the time of his death until expiration of 300 weeks from the date of his injury.

Said section 5 reads as follows:

"If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section twelve hereof, in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of the injury, a weekly payment equal to one-half of his average weekly wages, but not more than ten dollars nor less than four dollars a week for a period of three hundred weeks from the date of the injury. If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury, the weekly compensation to be paid as aforesaid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury. When weekly payments have been made to an injured employee before his death the compensation to dependents shall begin from the date of the last of such payments, but shall not continue more than three hundred weeks from the date of the injury."

The provisions of section 12 (2 Comp. Laws 1915, § 5442) to which section 5 is made subject, read in part as follows:

"If the injury so received by such employee was the proximate cause of his death * * * the death benefit shall be a sum sufficient, when added to the indemnity which shall at the time of death have been paid * * * to such deceased employee, to make the total compensation for the injury and death

\* \* \* equal to the full amount which such dependents would have been entitled to receive under the provisions of section five hereof in case the accident had resulted in immediate death, and such benefits shall be payable in weekly installments in the same manner and subject to the same terms and conditions in all respects as payments made under the provisions of said section five."

The contention of plaintiffs' counsel is, as we understand it, that, reading together the provision in section 5 that where weekly payments have been made to the injured employee before his death, "compensation to dependents shall begin from the date of the last of such payments," and the provision in section 12 that dependents are entitled to receive as death benefits a sum which, added to that received by deceased prior to his death, equals the full amount they would have been entitled to receive under the provisions of section 5 "in case the accident had resulted in immediate death," it follows by fair construction of section 5 alone that they are entitled to 284 weeks' compensation beginning at the end of the 16 weeks during which payment was made to the deceased, and that this is made "doubly sure" by the specifications on that subject in section 12. This contention is persuasive provided we throw to the wind the express concluding provision of section 5 that payments to dependents "shall not continue more than three hundred weeks from the date of the injury," and the concluding sentence in section 12 that "such benefits shall be payable in equal installments in the same manner and subject to the same terms and conditions in all respects as payments made under the provisions of said section five."

In its opinion the commission said in part as follows:

"Should the 300 weeks begin from the date of the last payment when an injured employee has returned

to work, the family would be receiving the wages of the husband or father and then, covering the same period in which wages were received, would be receiving compensation of $10 per week, as in this particular case.     It is the belief of the commission that this is not the meaning of the compensation law;" citing *Nieminen* v. *Isle Royale Copper Co.*, 214 Mich. 212, and *Pardeick* v. *Iron City Engineering Co.*, 220 Mich. 653.

It is pointed out in behalf of plaintiffs that the *Nieminen Case* related to partial disability under a different section of the compensation law, and said to be "in no wise in point," the ruling simply being, "that partial disability could not extend more than three hundred weeks from the date of the accident," while plaintiffs do not contend "that payments to them should extend beyond three hundred weeks from the date of the accident."     This seems to squarely plant plaintiffs' proposition on a claimed construction of the questioned sections as entitling them to maximum compensation for total disability covering the years that deceased was working and drawing full wages for the benefit of himself and family far in excess of the highest rate of weekly compensation authorized in case of total disability or death.

Such is not the construction thus far put upon these provisions of the workmen's compensation law by this court.     In *King* v. *Munising Paper Co.*, 224 Mich. 691, plaintiff presented her claim for compensation against defendant for the accidental death of her husband while in its employ.     The court there first dealt with the question of whether there was any competent evidence to support the commission's findings of fact upon which its award was based.     There was testimony tending to show, as the commission found, that deceased while in defendant's employ suffered an industrial accident with which he lingered for over a year and then died.     The commission

awarded plaintiff the maximum compensation under the statute for 300 weeks.    The two sections involved here were there quoted, and, it appearing undisputed that although deceased's physical condition was such that he could not at all times work as steadily for defendant as before, and later but intermittently, he was kept on the pay roll and paid regular wages from the time of his injury, on February 4, 1921, until December 31, 1921.    Defendant contended that this should be deducted from the award.    During that time defendant paid him regular wages far in excess of the maximum which it was within the power of the commission to award during the time he lived, even making due allowance for medical attendance, etc.    It was held the award by the commission of $14 per week for 300 weeks, being the maximum fixed by law at the time of that accident, must be credited with $14 per week from the time of the accident to the time of the death of the injured employee, and, so reduced, the award should stand affirmed.

It is true, as plaintiffs' counsel contend, that the *Nieminen Case* did not involve an accidental injury resulting in death, but came under section 10, part 2, of the act (2 Comp. Laws 1915, § 5440), relating to partial incapacity.    It, however, also provides: "And in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury."    The court there said: "This language is simple, clear, and unambiguous, and we think is controlling."    Its significance is that the limitation in the instant case is no less simple, clear, and unambiguous.

In the *Pardeick Case* the injured employee, who was plaintiff's son, made no claim for compensation although he lived for nearly 14 months after the accident.    It was there contended for defendant that his failure to claim compensation within the time re-

quired by statute barred plaintiff from recovering in her own behalf. The court there held the case fell under section 7, part 2, of the act (2 Comp. Laws 1915, § 5437), which provides:

"No dependent of an injured employee shall be deemed, during the life of such employee, a party in interest to any proceeding by him for the enforcement of collection of any claim for compensation, nor as respects the compromise thereof by such employee."

Citing and quoting from *Curtis* v. *Slater Construction Company*, 202 Mich. 673, the court there found that:

"The action or nonaction of the employee in no way aided or detracted from her (plaintiff's) right."

As to defendant's contention that the commission was in error when holding that compensation should be awarded from the date of the accident, the court quoted the provisions of the statute under consideration here, and said:

"We are persuaded that this legislation contemplates that in cases where compensation has been paid to the injured employee during his lifetime compensation to his dependents begins with the date of his death; when no compensation has been paid to the employee during his lifetime compensation to his dependents dates from the date of the accident."

The question arising as to whether or not there was testimony in the case justifying the amount fixed by the commission, the case was remanded for further testimony on that issue at the suggestion of counsel. While the question involved here was not distinctly raised in that case, so far as it called for consideration, the court inferentially, at least, accepted these statutory time limitations as being too clear and unambiguous, when quoted, to call for discussion.

The workmen's compensation law speaks in terms of disability of the employee to earn regular wages in

the employment at which he was engaged at the time of the accident, and of compensation in terms of weekly payments, a limit of which in weeks runs all through the act and its amendments, whether it be for the maximum limit of 300 weeks or less.

We are of opinion the commission of the department of labor and industry correctly construed the statute of limitations involved, and its award will stand affirmed.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.