## WILSON *v.* TITTLE BROTHERS PACKING CO.

1. MASTER AND SERVANT—CONCLUSIVENESS OF AWARD.

   Award of deputy commissioner of the department of labor and industry, which is not appealed from, *held*, valid and conclusive as to finding of total disability for period covered thereby.

2. SAME—PARTIES—DEPENDENTS.

   No dependent of an injured employee is deemed a party in interest to any proceeding by him for workmen's compensation during his life time (2 Comp. Laws 1929, § 8423).

3. SAME—DEATH—CLAIM BY WIDOW—CAUSE OF ACTION.

   A claim of the widow for the death of an employee, although based on an accident for which he receives compensation in his lifetime, is a new cause of action arising from his death and is not affected by anything done by him in his proceeding except a possible reduction of her claim by reason of payments actually made to him.

4. Same—Statute of Limitations—Subsequently Appearing Disability.

> Two-year statute of limitations has no application to proceedings for compensation for subsequently appearing disability where actual disability developed within six months after the accident and compensation was awarded incident thereto, as all subsequent proceedings for compensation for developments of same injury are administrative of, or incidental or supplemental to, the original award (2 Comp. Laws 1929, § 8431).

5. Same—Review of Payments—Recurrent Disability.

> The department of labor and industry is given the power to review payments from time to time, where an employee may be able to resume work at times and have recurrences of disability, to take into consideration the existing conditions and withhold or award compensation accordingly.

Appeal from Department of Labor and Industry. Submitted October 9, 1934. (Docket No. 129, Calendar No. 37,956.) Decided December 10, 1934.

Ida M. Wilson presented her claim for compensation against Tittle Brothers Packing Company, Inc., employer, and Indemnity Insurance Company of North America, insurer, for accidental injuries, resulting in death of her husband, James Wilson, received while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*J. T. Hammond,* for plaintiff.

*Bishop & Weaver,* for defendants.

Edward M. Sharpe, J. James Wilson suffered a compensable injury during the first week in August, 1928, while in the employ of defendant company. The injury consisted of a bruise on the left leg below the knee which subsequently developed into an ulcer, which later resulted in the amputation of the leg at the knee on January 23, 1933, and death resulting January 30, 1933.

May 21, 1930, Wilson made an application for compensation and on the 29th day of August, 1930, the deputy commissioner made an award pursuant to the terms of a stipulation entered into between the parties wherein Wilson was granted compensation for 14 weeks at $18 per week commencing December 15, 1928. However, after the death of decedent and on August 3, 1933, the widow and plaintiff herein filed an application for further compensation and appellant defended upon the grounds that plaintiff's claim is barred because no claim for compensation for the injury was made by the employee within two years from the date that the injury was sustained and for the further reason that the death of Wilson was not proximately caused by any accidental injury arising out of or in the course of his employment within the terms and meaning of the Michigan workmen's compensation law. October 17, 1933, a hearing was had before the deputy commissioner and the testimony developed that decedent had received a severe bruise on the left leg which later developed into an ulcer; that dressings were applied to the wound by plaintiff under the directions of different physicians and that the injury received daily care until the death of decedent, a part of which care was given at the University of Michigan Hospital; that the injury caused a poisoning resulting in amputation of the leg January 23, 1933, and death January 30, 1933.

The record discloses that subsequent to the injury decedent worked part time during June, July and August, 1929, and two Saturdays during the month of November, 1929. He also did a little painting for the city in the spring of 1930 and the last work he did was to pick a few cherries during the summer of 1931.

The record also discloses that decedent did not seek further compensation after the award of August 29, 1930. The department of labor and industry allowed compensation for the balance of 300 weeks, or 65 weeks running from January, 1933, to May, 1934, together with $200 for funeral expenses.

The award entered on August 29, 1930, by the deputy commissioner and not appealed from is a valid award and a conclusive finding that James Wilson suffered total disability for a period of 14 weeks. *McKay* v. *Jackson & Tindle, Inc.*, 268 Mich. 452.

The record also discloses that from the time the first order was entered August 29, 1930, to the time of decedent's death there was an aggravation and recurrence of the original injury resulting in total disability to decedent and that during this period decedent did not apply for compensation, but we have decided in *Pardeick* v. *Iron City Engineering Co.*, 220 Mich. 653, that "no dependent of an injured employee shall be deemed, during the life of such employee, a party in interest to any proceeding by him for the enforcement of collection of any claim for compensation, nor as respects the compromise thereof by such employee," citing 2 Comp. Laws 1929, § 8423, or, as was said in *Curtis* v. *Slater Construction Co.*, 202 Mich. 673:

"From this it would seem to follow, in harmony with the previous ruling of the board above referred to, that, not being a party in interest to the proceeding by her husband during his lifetime, plaintiff's subsequent claim, or 'new cause of action' arising from his death, was not beneficially or detrimentally affected through anything done by him in his proceeding, except a possible reduction of her claim by reason of payments actually made to him."

In the case actual disability developed within six months after the accident and compensation was awarded and as we said in *Rowe* v. *Consumers Power Co.*, 268 Mich. 162, "all subsequent proceedings for compensation are administrative of, or incidental or supplemental to, the original award." The department has authority to review payments from time to time, and the statute of limitations (2 Comp. Laws 1929, § 8431) is not applicable to proceedings therefor. *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68.

In *Rowe* v. *Consumers Power Co., supra,* we said that where the employee may be able to resume work at times and have recurrences of disability, the department is given the power to take into consideration the existing conditions and withhold or award compensation accordingly.

Counsel for defendants rely on *Millaley* v. *City of Grand Rapids,* 231 Mich. 10. In that case the disability developed and became apparent within the initial six-months' period and compensation was paid for a time, the employee later resumed his employment and continued to work for several years and to the time of his death without claim of disability. In such a case the widow's claim of compensation for his death was barred by the statute, but the instant case is different in that decedent was totally disabled for a period of 14 weeks prior to August 29, 1930, and for practically all the time from the date of such order until the time of his death and that the death was the result of the original injury. We think that where a compensable injury makes itself apparent within six months after the accident and compensation is awarded incident thereto, the two-year statute of limitations has no application to compensation to the employee for any development

of the same injury which may occur thereafter. *Gallup* v. *Western Board & Paper Co., supra.*

Award affirmed, costs to plaintiff.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Bushnell, JJ., concurred.