On rehearing respondent, reiterating its original contentions, urges we did not sufficiently consider the point that the statute of limitations had clearly run against appellant because no claim was filed within a year, at least, of the time appellants' son left respondent's employ, not conceding that an accident occurred at that time. As indicated in Brown v. St. Joseph Lead Co., ante, p. 49,87 P.2d 1000, the date of the accumulated accident could reasonably *Page 66 
be considered to have definitely and ultimately accrued at the time employment ceased. Appellants' son quit work September 20, 1935, and died November 22, 1936, no claim for compensation having been filed, and none was filed until April 21, 1937, by his parents.
Section 43-1202, I. C. A., is as follows, the material part being underlined:
"No proceedings under this act for compensation for any injury shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident; or, in the case of death, then within one year aftersuch death, whether or not a claim had been made by theemployee himself for compensation. Such notice and such claim may be made by any person claiming to be entitled to compensation or by someone in his behalf. If payments of compensation have been made voluntarily the making of a claim within said period shall not be required."
Upon the face of that statute the words "whether or not a claim had been made by the employee himself," could mean only one thing, that is, that decedent's dependents in effect have a claim arising upon his death and thereby had one year thereafter in which to file such claim, though no claim had previously been filed by the deceased. This construction has been uniformly placed on like or similar statutes and no authority has been presented to the contrary. (Smith v.Primrose Tapestry Co., 285 Pa. 145, 131 AtL 703; Curtis v.Slater Const. Co., 202 Mich. 673, 168 N.W. 958; O'Esau v. E. W.Bliss Co., 186 App. Div. 556, 174 N.Y. Supp. 739; OmahaBoarding Supply Co. v. Industrial Com., 306 Ill. 384,138 N.E. 106; American Steel Foundries v. Industrial Com., 361 Ill. 582,198 N.E. 687, 101 A.L.R. 1405; Hovey v. General Const.Co., 242 Mich. 84, 218 N.W. 768; Pardeick v. Iron CityEngineering Co., 220 Mich. 653, 190 N.W. 719; Nations v.Barr, (Mo.App.) 43 S.W.2d 858; Beels v. Department of Labor Industries, 178 Wn. 301, 34 P.2d 917; Wray v. CarolinaCotton Woolen Mills *Page 67 Co., 205 N.C. 782, 172 S.E. 487. See, also, annotation, 101 A.L.R. 1410, and Hiebert v. Howell, 59 Idaho 591, 120 A.L.R. 388, 85 P.2d 699.
In Moody v. State Highway Dept., 56 Idaho 21,48 P.2d 1108, the employee did not die, and the clause of sec. 43-1202, I. C. A., herein involved was not therein considered or construed.
Since the claim was filed within two years after the accident, it is unnecessary to consider whether it would have been timely, in view of sec. 43-1101, I. C. A., filed more than two years thereafter, and we expressly refrain from further comment thereon.
The original opinion is therefore adhered to.
Ailshie, C.J., and Budge and Holden, JJ., concur.
Morgan, J., deeming himself disqualified, did not participate.