KAISER *v.* LITTLE BROTHERS FOUNDRY CO.

WORKMEN'S COMPENSATION—DEATH—DEPENDENTS.
   Upon death of an employee to whom compensation has been paid, compensation is payable to dependents beginning at date of death and continuing for a period of 300 weeks from the date of injury, hence, where death occurred after expiration of 300-week period, dependents would not be entitled, as such, to compensation.

Appeal from Department of Labor and Industry. Submitted June 8, 1938. (Docket No. 42, Calendar No. 40,055.) Decided July 6, 1939.

John Joseph Kaiser presented his claim against Little Brothers Foundry Company, employer, and State Accident Fund, insurer, for compensation for injuries sustained in defendant's employ. On petition of Mary Kaiser, widow, for compensation for death of her husband, John Joseph Kaiser, as the result of injuries sustained in defendant's employ. Award to plaintiff. Defendants appeal. Reversed.

*Harry F. Briggs* (*Roy Andrus*, of counsel), for defendants.

BUTZEL, C. J.   Plaintiff's decedent suffered a compensable injury on January 31, 1928, and, under the terms of an approved agreement, compensation was paid for a period of 34 weeks. On October 12, 1928, defendants filed a petition to stop compensation on account of decedent's refusal to sign a settlement receipt and his further refusal to report to defendant's

doctor for medical examination. After a hearing, the deputy commissioner entered an order stopping the compensation until such time as plaintiff's decedent should appear before the doctor for a physical examination. Decedent did not appeal from the order nor take any steps in his lifetime to review compensation payments or to petition for further compensation. He died July 23, 1936, more than 300 weeks after the accident. The death certificate gave the cause of death as "heat stroke, pneumonia, hemolytic strep. throat." Plaintiff thereupon filed petition for compensation on account of the death of decedent, her husband. The deputy commissioner disallowed compensation because death occurred over 300 weeks after the date of the injury. On application for review before the department, the award of the deputy was reversed and plaintiff's claim was remanded for hearing on its merits before a deputy commissioner, in accordance with the rules of the department. Appeal was allowed by this court.

The department purported to follow *Seifman* v. *Ford Motor Co.*, 282 Mich. 342, a case where no compensation was awarded during the lifetime of the employee. It is claimed that this decision overruled the doctrine of *Anderson* v. *Fisher Body Corp.*, 239 Mich. 506. Rather than being overruled, the doctrine of the *Anderson Case* and *Pardeick* v. *Iron City Engineering Co.*, 220 Mich. 653, was specifically followed in the *Seifman Case*. These decisions establish that where compensation has been paid to an employee during his lifetime and he later dies as a result of his injuries, compensation to dependents begins at the date of his death and continues for a period of not more than 300 weeks from the date of the injury.

Here the injured employee died after the expiration of the 300 weeks' period. The order of the department of labor and industry is reversed and the case remanded to the department with instructions to affirm the decision of the deputy commissioner denying compensation to dependents. Defendants will recover costs.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.