LAMBERT *v.* CITY OF DETROIT.

WORKMEN'S COMPENSATION—DEATH—DEPENDENTS.
 Where 300 weeks have elapsed between injury to employee and
 his death, dependents cannot thereafter receive indemnity
 (2 Comp. Laws 1929, §§ 8421, 8428).

SHARPE, C. J., and BUTZEL, J., dissenting.

Appeal from Department of Labor and Industry.
Submitted April 17, 1941. (Docket No. 23, Calendar
No. 41,338.) Decided June 30, 1941. Rehearing
denied September 2, 1941.

Marie Lambert presented her claim against City
of Detroit for compensation for death of her hus-
band while in its employ. Award to plaintiff. De-
fendant appeals. Reversed.

*Dann & Atlas,* for plaintiff.

*Paul E. Krause,* Corporation Counsel, and *Wil-
liam J. Kent,* Assistant Corporation Counsel, for
defendant.

SHARPE, C. J. (*dissenting*). Walter Lambert sus-
tained an accidental injury on August 5, 1931, while
in the employ of the city of Detroit. He continued
doing the same kind of work, namely, operating a
motor-driven street flusher and sweeper for ap-
proximately 18 months after the accident. He was
then given a job driving a pick-up truck at the same
wages, but of lighter employment. On December 31,

(268)

1933, the city of Detroit filed a noncompensable accident report with the department of labor and industry. On March 6, 1934, Walter Lambert filed a claim for injury and two days later filed notice and application for adjustment of claim. On May 10, 1934, a hearing was had and a deputy commissioner entered an award in which he found that Walter Lambert had sustained an accident, arising out of and in the course of his employment, but that Walter Lambert was not entitled to compensation as his earning power had not been reduced. No appeal was taken from this award.

Walter Lambert continued to work for the city of Detroit as a truck driver receiving the same daily wage until about February 1, 1939, when he left such employment owing to his physical condition. Walter Lambert died February 26, 1939.

On November 8, 1939, plaintiff as widow and dependent of Walter Lambert filed an application with the department of labor and industry for adjustment of claim. Defendant filed a denial of liability. After hearing before a deputy commissioner an award was entered in favor of plaintiff and upon appeal the department of labor and industry entered an award in favor of plaintiff for compensation at the rate of $18 per week for total dependency for 300 weeks from August 5, 1931, plus funeral expenses of $200.

While the questions are not raised, the record shows that a claim for compensation was made within the statutory period; and that there was evidence that the injury was the proximate cause of Lambert's death.

Defendant appeals and contends that the widow of Walter Lambert is not entitled to compensation for the following reasons:

1. Because appellee's husband died on February 26, 1939, approximately seven and a half years after injury;

2. Because appellee's decedent was paid his regular wages (compensation) during this period of time, in favored employment;

3. Because 2 Comp. Laws 1929, § 8421 (Stat. Ann. § 17.155), definitely provides that the employer's liability shall not extend beyond 300 weeks from the date of injury;

4. Because 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165), by its provisions definitely excludes appellee from receiving compensation as a dependent;

5. Because 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605), by its provisions excludes appellee from receiving compensation.

It is conceded that at the time of the accident deceased's wages were $36 per week; and that he worked continuously and received the same daily wage from the date of the accident until about February 1, 1939.

We are not impressed with defendant's claim that the statute of limitations (3 Comp. Laws 1929, § 13976) enters into the decision in this case as plaintiff's right to compensation did not accrue at the date of her husband's injury, but, instead, came into existence as a new cause of action on the date of his death. See *Curtis* v. *Slater Construction Co.*, 202 Mich. 673; *Hovey* v. *General Construction Co.*, 242 Mich. 84; *Pardeick* v. *Iron City Engineering Co.*, 220 Mich. 653; *Wilson* v. *Tittle Brothers Packing Co.*, 269 Mich. 501.

It is next urged that plaintiff may not recover because plaintiff's decedent was paid his regular wages from the date of the accident up to about February 1, 1939, in favored employment. The department of labor and industry found that after the accident plaintiff's decedent was given a different type of work to do, but the record is barren of any evidence that decedent was given "made work."

The work Walter Lambert did was in the capacity of a truck driver. There is no intimation in the record that this work was anything other than regular employment; hence we must assume that decedent was regularly employed by the city of Detroit and decide this case upon the basis that he received no compensation during his lifetime. Under such circumstances the case of *Seifman* v. *Ford Motor Co.*, 282 Mich. 342, is controlling of the issue involved in this case. In that case, we said:

"Appellant claims that it should receive credit for wages paid after that date. However, under the law as it exists, appellant is not entitled to any reduction on account of the earnings of decedent after the date of the injury. The law at present is worded so as to give 300 weeks compensation in case of death in cases where no compensation has been paid to the employee during his lifetime. 2 Comp. Laws 1929, § 8421. * * *

"Inasmuch as no compensation was paid, there can be no deduction. It is apparent that under the law, it is the purpose to grant dependents in a death case an award for the full 300 weeks if no compensation was paid to the employee during his lifetime."

See, also, *Pardeick* v. *Iron City Engineering Co., supra.*

In the case at bar, plaintiff's decedent not having received compensation during his lifetime, plaintiff should be entitled to the award granted by the department of labor and industry. Plaintiff should recover costs.

BUTZEL, J., concurred with SHARPE, C. J.

BUSHNELL, J. I am not in accord with the opinion proposed by the Chief Justice notwithstanding his application of *Seifman* v. *Ford Motor Co.*, 282 Mich.

342, and *Pardeick* v. *Iron City Engineering Co.,* 220 Mich. 653. The Chief Justice concludes that the dependents of an employee who died approximately seven and one-half years after sustaining an injury can receive $18 per week for 300 weeks from the date of the injury.

In the *Pardeick Case,* where death occurred 14 months after the injury, Mr. Justice Fellows, speaking for the court, said:

"We are persuaded that this legislation (referring to part 2, §§ 5, 12, of the workmen's compensation act, Act No. 10, Pub. Acts 1912, as amended, 2 Comp. Laws 1929, §§ 8421, 8428 [Stat. Ann. §§ 17.155, 17.162]) contemplates that in cases where compensation has been paid to the injured employee during his lifetime compensation to his dependents begins with the date of his death; when no compensation has been paid to the employee during his lifetime compensation to his dependents dates from the date of the accident. Whether in all cases this will work out equitably is not for our consideration. Such argument may properly be addressed to the legislature."

In the *Seifman Case,* where death occurred eight months after the injury, Mr. Justice Butzel, speaking for the court, quoted the foregoing from the *Pardeick Case* in support of the statement that:

"It is apparent that under the law, it is the purpose to grant dependents in a death case an award for the full 300 weeks if no compensation was paid to the employee during his lifetime."

The important issue in the *Seifman Case* was whether the employer was entitled to deduct from the indemnity to dependents wages paid the deceased subsequent to the injury. The court said, reasoning from 2 Comp. Laws 1929, § 8428 (Stat. Ann. § 17.162):

"The only deduction that may be made from the amount provided by law is for the period of time during the lifetime of the employee for which compensation is paid."

This view conflicts with that expressed in *King* v. *Munising Paper Co.,* 224 Mich. 691, and *Long* v. *Isle Royale Copper Co.,* 238 Mich. 436. See "Death Benefits under the Workmen's Compensation Law," 18 Michigan State Bar Journal, pp. 160, 167. However, we are not concerned with that problem in the instant case. And furthermore, whatever was said in the *Seifman Case* regarding the over-all period embraced within the death benefit sections (5 and 12) was necessarily dictum because Seifman died only 8 months after his injury.

The rule recently stated in *Kaiser* v. *Little Brothers Foundry Co.,* 289 Mich. 627, and applied in *Duvall* v. *Ford Motor Co.,* 288 Mich. 348 (on rehearing, 353), and *Neumeier* v. *City of Menominee,* 293 Mich. 646, limiting indemnity to dependents to a period of not more than 300 weeks from the date of the injury where disability compensation has been paid the employee, should likewise apply to a situation where no such compensation has been paid. The *Kaiser Case* held that, where the injured employee died after the expiration of the 300-week period, his dependents would not be entitled, as such, to compensation.

These cases indicate that the purpose of the statute is to provide an indemnity for death only during the 300-week period subsequent to the injury. The distinction drawn in the *Pardeick* and *Seifman Cases* between situations where compensation has been paid the decedent during his lifetime and those where no such compensation has been paid is an artificial one not warranted by the language of the statute. By part 2, § 5, *supra,* the employer is re-

quired to pay ''not more than eighteen dollars nor less than seven dollars a week for a period of three hundred weeks from the date of the injury.''

This is a positive and direct limitation upon the right of recovery.

Notwithstanding language in the *Pardeick* and *Seifman Cases,* the clear and unambiguous words of the statute, part 2, §§ 5 and 12, do not permit payment to dependents when 300 weeks have elapsed after the injury before death occurs. The distinction as stated in the *Pardeick* and *Seifman Cases* should no longer be made. In accordance with the *Kaiser Case,* we now hold that, where 300 weeks have elapsed between the injury and the death, the dependents cannot thereafter receive indemnity.

The award of the department of labor and industry is set aside and vacated, with costs to appellant.

BOYLES, CHANDLER, and NORTH, JJ., concurred with BUSHNELL, J. WIEST, J., concurred in the result. McALLISTER, J., took no part in this decision.