KORTZ v. MANISTEE COUNTY ROAD COMMISSION.

Workmen's Compensation—Death of Injured Employee—Duration of Payments to Dependents.
Dependents of employee who died some 4½ years after injury and who had been paid some compensation and received some employment during his lifetime were entitled to compensation for such part of period of 300 weeks from date of accident as remained after death of employee and were not entitled to receive compensation for full period of 300 weeks less compensation paid decedent during his lifetime (2 Comp. Laws 1929, §§ 8421, 8428).

Appeal from Department of Labor and Industry. Submitted January 6, 1943. (Docket No. 29, Calendar No. 42,162.) Decided February 24, 1943. Rehearing denied June 7, 1943.

Ruth Kortz, wife, and Betty and Constance Kortz, minor children of Lawrence Kortz, deceased, presented their claim for compensation against Manistee County Road Commission, employer, and Travelers Insurance Company, insurer, for death of deceased. Award to plaintiffs. Defendants appeal. Award vacated and cause remanded.

*Floyd T. Schermerhorn,* for plaintiffs.

*Sessions & Warner,* for defendants.

*Maurice Sugar,* General Counsel, and *Benjamin Marcus,* Associate Counsel for International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, *amici curiae,* on application for rehearing.

BUSHNELL, J. Plaintiffs' decedent, Lawrence Kortz, was overcome by gas from a broken exhaust pipe while operating a snowplow for defendant Manistee county road commission on December 21, 1935. He became nauseated, lost control of the truck, and drove it off the road. He later recovered sufficiently to drive it to a gas station, where he became violently ill, and fell and struck his head. He was taken to a hospital, where he remained until January 6, 1936, and, being unable to resume his work, was paid compensation, by agreement, for 12½ weeks. Although he subsequently returned to work he complained constantly of nephritis, from which illness he finally died on July 28, 1940.

The claim of his dependents was heard and allowed by the deputy commissioner in the sum of $14.40 per week for total dependency from December 22, 1935, to September 20, 1941, inclusive, less the amount of $180 that had been paid the decedent for 12½ weeks' compensation during his lifetime. This award was reviewed by the department of labor and industry, and affirmed at the rate of $14 per week from December 22, 1935, for 300 weeks, less a credit for compensation paid in the sum of $180.

Defendants road commission and Travelers Insurance Company were granted leave to appeal, and argue that, under the authority of *Lambert* v. *City of Detroit,* 298 Mich. 268, the compensation to be paid decedent's dependents should begin with the date of death and continue for a period of not more than 300 weeks from the date of the accident. Appellees argue that they possess a new cause of action and, under the provisions of 2 Comp. Laws 1929, §§ 8421, 8428 (Stat Ann. §§ 17.155, 17.162), are entitled to payment of compensation for the full period of 300 weeks from the date of the injury, less whatever compensation was paid Kortz during his lifetime.

In the *Lambert Case* no compensation was paid

the decedent during his lifetime. After the accident he was given favored employment and received his regular wages from the date of the accident, August 5, 1931, until about February 1, 1939. His death occurred on February 26, 1939, more than 300 weeks after the injury, and the court held that Lambert's dependents were not entitled to receive indemnity.

The rule stated in the *Lambert Case* was followed in the recently decided case of *Wolanin* v. *Chrysler Corporation, ante,* 164. Wolanin received an injury on August 9, 1934, and a like injury on October 23, 1935. Two claims for compensation were filed and heard together. He was granted compensation for total disability from October 23, 1935, as a result of the 1934 injury, but denied compensation with respect to the 1935 injury. He received total disability payments for a period of 249 weeks prior to his death on August 18, 1940. Finding testimony to support the department's holding that Wolanin's death was due to the injury sustained in 1935, the court held that recovery by his dependents was limited to 300 weeks from the date of this injury, October 23, 1935, less the compensation which had accrued during his lifetime.

In the case now before us, the appellees argue that one of the fundamental purposes of the workmen's compensation act is to provide compensation payments for the loss of a breadwinner, and that the legislature intended that, whenever death resulted from a compensable injury, no matter when that death occurred within the compensable period, the injured employee's dependents shall receive compensation for a full period of 300 weeks after the date of injury, less any compensation award that may have been paid the employee during his lifetime. They argue that, in effect, the compensation

act provides some form of insurance for the dependents of ,those who lose their lives in industry. They also argue that a literal construction of the statute requires affirmation of the award.

Section 5 of part 2 of the act, 2 Comp. Laws 1929, § 8421 (Stat. Ann. § 17.155), in our opinion, is not susceptible of such construction.

A similar factual situation and like arguments were presented in *Long* v. *Isle Royale Copper Co.,* 238 Mich. 436. See, also, *King* v. *Munising Paper Co.,* 224 Mich. 691.

Claimants here, as in the *Long Case,* "do not contend 'that payments to them should extend beyond 300 weeks from the date of the accident.' This seems squarely to plant plaintiffs' proposition on a claimed construction of the questioned sections as entitling them to maximum compensation for total disability covering the years that deceased was working and drawing full wages for the benefit of himself and family far in excess of the highest rate of weekly compensation authorized in case of total disability or death. Such is not the construction thus far put upon these provisions of the workmen's compensation law by this court."

The department should have awarded compensation to the dependents of Kortz only for that part of the 300 weeks following the injury which remained after the date of his death.

The award of the department of labor and industry, except as to medical fees and funeral expenses, is vacated and the cause is remanded for the entry of an award in conformity with this opinion. Costs to appellants.

Boyles, C. J., and Chandler, North, Starr, Wiest, Butzel, and Sharpe, JJ., concurred.