SANTAMOUR *v.* GENERAL MOTORS CORP.

Workmen's Compensation—Death—Dependents—Duration of Compensable Period.

Where an employee dies after receiving an accidental injury, dependent under the workmen's compensation act is entitled to compensation only from the date of death to not more than 300 weeks from the date of injury, irrespective of whether or not the employee has received compensation during his lifetime (2 Comp. Laws 1929, § 8421).

Appeal from Department of Labor and Industry. Submitted October 6, 1943. (Docket No. 30, Calendar No. 42,161.) Decided November 29, 1943. Rehearing denied January 13, 1944.

Delmar L. Santamour presented claim for compensation against General Motors Corporation, Ternstedt Manufacturing Division, because of the death of Jedy Santamour. Award to plaintiff. Defendant appeals. Reversed and remanded.

*A. C. Lappin* (*M. H. Shillman,* of counsel), for plaintiff.

*Henry M. Hogan* (*Justin L. Schaffer,* of counsel), for defendant.

Sharpe, J. Jedy Santamour sustained an accidental injury on October 26, 1940, resulting in his death July 31, 1941. He was not paid compensation during his lifetime. Plaintiff is his dependent under the statute.* The department of labor and industry

---

* See 2 Comp. Laws 1929, § 8421 (Stat. Ann. § 17.155).—Reporter.

awarded compensation for total dependency at the rate of $18 per week from October 26, 1940, and until the further order of the department, but not to exceed 300 weeks from October 26, 1940.

Defendant appeals and urges that the award should be modified to provide compensation from the date of death, but not to exceed 300 weeks from the date of injury.

In *Kaiser* v. *Little Brothers Foundry Co.*, 289 Mich. 627, the injured employee received some compensation subsequent to his injury and died after the expiration of the 300 weeks' period. We there held that where compensation has been paid to an employee during his lifetime and he later dies as a result of his injuries, compensation to dependents begins at the date of his death and continues for a period of not more than 300 weeks from the date of the injury.

In *Lambert* v. *City of Detroit*, 298 Mich. 268, the injured employee sustained an accidental injury in 1931 while in the employ of the city of Detroit. He continued to work for the city until about February 1, 1939, and died February 26, 1939. He received no compensation for the injury. We there said:

"The rule * * * limiting indemnity to dependents to a period of not more than 300 weeks from the date of the injury where disability compensation has been paid the employee, should likewise apply to a situation where no such compensation has been paid."

See, also, *Wolanin* v. *Chrysler Corp.*, 304 Mich. 164; *Kortz* v. *Manistee County Road Commission*, 304 Mich. 518.

In the case at bar, plaintiff is entitled to an award of compensation for that part of the 300 weeks following the injury which remained after the date of the death of Jedy Santamour.

The award of the department of labor and industry except as to medical fees and funeral expenses is vacated and the cause remanded for the entry of an award in conformity with this opinion.    Costs to defendant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, and BUSHNELL, JJ., concurred.    BUTZEL, J., did not sit.