JOHNSON v. FORD MOTOR CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOTICE
   —INDEFINITENESS—ACTUAL NOTICE.
       Where an injured employee at once made complaint to
       the first aid department, was examined at the hospital to
       which he was directed, notified his foreman, who gave him
       lighter work to do because of the injury, and was absent
       from work 12 days immediately following his injury, the
       employer received sufficient notice to enable it to make
       an investigation, and may not complain that the notice
       filed later was too indefinite because it gave the time of
       the injury as some date between May and August.

2. SAME—NOTICE—LIMITATION OF ACTION.
       Where an employer failed to report a compensable injury
       to an employee to the department of labor and industry,
       as required by the workmen's compensation act, and, on
       its attention being called thereto by the department, ig-
       nored the letter, it was not entitled to plead the statute
       of limitations as to notice and claim, in view of 2 Comp.
       Laws 1915, §§ 5446, 5448.

Certiorari to Department of Labor and Industry.
Submitted June 7, 1927.    (Docket No. 14.)    Decided
October 3, 1927.

Marion A. Johnson presented his claim for compen-
sation against the Ford Motor Company for an acci-
dental injury in defendant's employ.    From an order
awarding compensation, defendant brings certiorari.
Affirmed.

*Milton H. Baxter,* for appellant.

*Sol Blumrosen,* for appellee.

STEERE, J.    Plaintiff was an employee of the Ford

---

[1]Workmen's Compensation Acts, C. J. §§ 102, 103; [2]Id., C. J.
§ 102 (Anno).

Motor Company in 1925, and, while engaged in his work, sustained an injury to his back. He made claim for compensation and was awarded $14 a week during total disability.

Defendant contests the award on the grounds:

(1) Because notice of injury was not proved to be given defendant in accordance with the statute.

(2) Because notice of injury and notice of application for adjustment of claim were too indefinite as to time, of place, and cause of injury, were so made with the intention to mislead defendant, and defendant was in fact misled thereby, by being deprived of submitting a defense to said claim.

1. The proof discloses that plaintiff was engaged as a machine repair man in the glass department at the River Rouge plant. On the evening of the accident he was engaged in helping to remove a roller from one of the machines, weighing from 150 to 175 pounds. He was standing on a fire brick. The brick turned with him, throwing him backwards and sideways, resulting in a severe strain to his back. He at once reported to the first aid department. That department referred him to the hospital, where he was afterwards examined. He notified the foreman of the injury. Immediately following the accident he was absent from his work 12 days. He then returned and was given lighter work by the foreman, on account of his injury, and he remained at this work until December, 1925, when he became wholly disabled, and has done no work since.

He filed his claim for adjustment on October 21, 1926. In his notice he gave as the time of the happening of the injury "some date between May and August." Defendant complains that this date was too indefinite. The department of labor and industry held that the defendant received sufficient notice to enable it to make an investigation. This is based on the

facts:    (a) That he made several complaints to the first aid department.    (b) That he was examined at the Ford hospital.    (c) That he notified his foreman, and afterward was given lighter work to do on account of the injury.    (d) That he was absent 12 days immediately following the injury.    We are inclined to agree with the department that defendant did have sufficient notice to enable it to make such investigation as it chose to make.

2. Defendant claims that the notice and claim for adjustment were not made within the time provided by the statute.    The department held that defendant was not entitled to make that defense, for the reason that it had not reported the accident; that when the claim was filed the department called the attention of the Ford Motor Company to the fact and asked it to make a report on the accident.    The Ford Motor Company ignored this letter and made no reply.    Under these circumstances, the department claims that defendant was not entitled to make the defense of the statute of limitations.

We think the department was within its authority in holding that defendant could not make the defense of the statute of limitations, by reason of the statutory provision, which is as follows:

"The said notice shall be in writing, and shall state in ordinary language the time, place, and cause of the injury; and shall be signed by the person injured, or by a person in his behalf, or, in the event of his death, by his dependents or by a person in their behalf.

"A notice given under the provisions of this act shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, or cause of the injury, unless it is shown that it was the intention to mislead, and the employer, or the insurance company carrying such risk, or the commissioner of insurance, as the case may be, was in fact misled thereby.    Want of such written notice shall not be a bar to proceedings under this act, if it be shown

that the employer had notice or knowledge of the injury." 2 Comp. Laws 1915, §§ 5446, 5448.

The objections filed by defendant will be overruled, with costs to the plaintiff.

SHARPE, C. J., and SNOW, FELLOWS, CLARK, and McDONALD, JJ., concurred. WIEST, J., concurred in the result. BIRD, J., did not sit.