## WOLANIN *v.* CHRYSLER CORP.

1. WORKMEN'S COMPENSATION—DEATH MORE THAN 300 WEEKS AFTER INJURY.

   If death of an employee was caused by accidental injury which occurred more than 300 weeks prior thereto, dependents may not recover compensation (2 Comp. Laws 1929, § 8428).

2. SAME—DEATH LESS THAN 300 WEEKS AFTER INJURY—DEPENDENTS.

   Dependents of an employee who died after receiving some compensation are entitled to recover compensation for 300 weeks from date of injury less amount of compensation accrued to employee during his lifetime (2 Comp. Laws 1929, § 8428).

3. SAME—DEPENDENTS—RES JUDICATA.

   Since dependents of an employee may not be parties to a proceeding to recover workmen's compensation during his life-

---

Generally a person not a party or privy to a party to action in which a valid judgment other than a judgment *in rem* is rendered (a) cannot directly or collaterally attack the judgment, and (b) is not bound by or entitled to claim the benefits of an adjudication upon any matter decided in the action. See Restatement, Judgments, § 93 (a) and (b).

time, they are not affected by anything done by such employee except in the matter of reduction of claim by reason of payments actually made to him, hence an unappealed determination by deputy commissioner as to cause of employee's disability was not *res judicata* and binding upon dependents in their proceeding for compensation.

4. SAME—CONSTRUCTION OF STATUTES.

While the Supreme Court of Michigan is not bound by the English decisions interpreting provisions of the English and Scotch acts relating to workmen's compensation from which the Michigan workmen's compensation act was adopted, such decisions do throw light upon the act.

5. SAME—TWO SIMILAR INJURIES—FINDING OF DEPARTMENT—EVIDENCE.

In dependents' proceeding to recover workmen's compensation after death of employee who had suffered a second similar accidental injury to his back over 14 months after first injury, finding of department of labor and industry that death which occurred nearly five years after second injury was due to second injury, *held*, supported by record (2 Comp. Laws 1929, § 8451).

6. SAME—BACK INJURY—COLLATERAL MENTAL DISTURBANCE—FINDING OF DEPARTMENT—EVIDENCE.

Finding of department of labor and industry that employee's death was due to second injury to back rather than a mental disturbance collateral to the injury is not disturbed by Supreme Court on appeal where there is some testimony to support finding made (2 Comp. Laws 1929, § 8451).

7. SAME—SUPREME COURT—DEPARTMENT OF LABOR AND INDUSTRY.

The Supreme Court cannot substitute its view of the testimony for that of the department of labor and industry (2 Comp. Laws 1929, § 8451).

8. SAME—TOTAL DISABILITY.

An injured employee cannot receive workmen's compensation for more than total disability.

9. SAME—CONCURRENT COMPENSATION.

Under the Michigan workmen's compensation act no provision is made for concurrent compensation for total disability resulting from two separate injuries in the same line of work for same employer.

10. SAME—MAXIMUM COMPENSATION.

Compensation cannot exceed the maximum provided by the workmen's compensation act.

11. Same—Second Injury—Death—Dependents.

Dependents of employee, who had received an accidental injury to his back in 1934 and a similar one in 1935 and was thereafter totally disabled and received compensation for total disability for 1934 injury but was denied compensation for 1935 injury, were entitled after his death, which department found resulted from 1935 injury, to compensation for 300 weeks less compensation accrued during employee's lifetime (2 Comp. Laws 1929, §§ 8421, 8428).

Appeal from Department of Labor and Industry. Submitted October 7, 1942. (Docket No. 32, Calendar No. 42,082.) Decided January 4, 1943. Rehearing denied April 6, 1943.

Mary Wolanin, in behalf of herself and other dependents, presented her claim against Chrysler Corporation for compensation for death of James Wolanin, injured while in its employ. Award to plaintiffs. Defendant appeals. Modified and remanded.

*Berger, Manason & Kayes,* for plaintiffs.

*Kerr, Lacey & Scroggie,* for defendant.

BUSHNELL, J. Defendant Chrysler Corporation appealed from an award of the department of labor and industry, in which plaintiff Mary Wolanin, widow of James Wolanin, and other dependents were granted compensation.

Wolanin accidentally injured his sacroiliac joint while in defendant's employ on August 9, 1934. He claimed that his foot slipped and he fell while lifting the body of an automobile, and that the fall caused a back injury and traumatic neurosis. On October 23, 1935, a similar accident occurred and, after this accident, two claims for compensation were filed.

Testimony was taken before the deputy commissioner on March 9, 1936, with respect to both accidents, and two awards were made. In the award based on the 1934 accident, compensation for total disability was granted in the sum of $18 per week from October 23, 1935, until further order.* In the award based on the 1935 accident, compensation was denied because the disability was "the result of an accidental injury on August 9, 1934." No appeals were taken from either of these awards and Wolanin received total disability payments prior to his death on August 18, 1940, for a period of 249 weeks.

After his death his dependents filed two applications for adjustment of claims. In one they alleged that the death was "caused, precipitated or hastened" by the injury of 1934; and in the other they stated in the same language that the death was the result of the injury of 1935. An attempt was made to try the claims separately but they were finally consolidated. Compensation was denied on the 1934 injury but granted on the 1935 injury, the deputy commissioner finding that Wolanin's death was the result of the latter injury. Compensation was awarded "for total dependency at the rate of $18 per week from October 23, 1935, and until the further order of the department less whatever has been paid deceased by defendant for compensation, but not to exceed 300 weeks from October 23, 1935, together with the payment of $124.70 for deceased's last sickness and $200 for the statutory funeral allowance." †

On appeal to the department by both parties the order of the deputy was modified to allow compensa-

* See 2 Comp. Laws 1929, § 8425 (Stat. Ann. § 17.159).—REPORTER.

† See 2 Comp. Laws 1929, § 8424, as amended by Act No. 130, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 8424, Stat. Ann. § 17.158).—REPORTER.

tion to the dependents for 300 weeks, without any deduction for compensation paid to Wolanin during his lifetime. In the opinion of the department appears the following statement:

"The deceased never regained wage-earning capacity after his 1935 accident. He was weak and disabled and was confined a large percentage of the time to either his home or his bed. He developed tuberculous pneumonia in 1937 and was in a hospital for several months. In May of 1938 he developed a cardiac weakness and still later he developed cirrhosis of the liver. During the course of the deceased's disability he had become despondent and had taken to the use of alcohol and this was responsible for his liver condition. In our opinion there can be no doubt that the disability caused by the accidental injuries (*sic*) contributed to the deceased's death. The defendant conceded upon the record that the death was due to the 1934 accident. The plaintiffs contend that the death was due to the 1935 accident."

In the opinion from which we quoted, the department also discussed at some length the application and effect of our recent decision in *Lambert* v. *City of Detroit,* 298 Mich. 268, and indicated a reluctance to follow the rule laid down in that case. The rule laid down in *Kaiser* v. *Little Brothers Foundry Co.,* 289 Mich. 627, and restated in the *Lambert Case,* is clear and explicit. If Wolanin's death was caused by the 1934 accident, no recovery can be had by his dependents because more than 300 weeks elapsed between that accident and his death. If the death was a result of the 1935 accident, the 300 weeks had not elapsed and his dependents are entitled to recover compensation for 300 weeks from the date of the injury, less the amount of compensation accrued to Wolanin during his lifetime for total disability. See 2 Comp. Laws 1929, § 8428 (Stat. Ann. § 17.162).

Appellant contends that compensation cannot be based upon the 1935 accident because the unappealed determination of the deputy that the 1935 accident was not the cause of Wolanin's disability is *res judicata* and binding upon his dependents. Appellant's position is untenable in the light of the provisions of 2 Comp. Laws 1929, § 8423 (Stat. Ann. § 17.157), and our holding in *Wilson* v. *Tittle Brothers Packing Co.*, 269 Mich. 501, and authorities therein cited. This statute reads in part:

"No dependent of an injured employee shall be deemed, during the life of such employee, a party in interest to any proceeding by him for the enforcement of collection of any claim for compensation, nor as respects the compromise thereof by such employee."

In the *Wilson Case* the court, referring to this provision of the statute, quoted the following from *Curtis* v. *Slater Construction Co.*, 202 Mich. 673:

" 'From this it would seem to follow, in harmony with the previous ruling of the board * above referred to, that, not being a party in interest to the proceeding by her husband during his lifetime, plaintiff's subsequent claim, or 'new cause of action' arising from his death, was not beneficially or detrimentally affected through anything done by him in his proceeding, except a possible reduction of her claim by reason of payments actually made to him.' ".

While we are not bound by the English decisions, they do throw light upon the interpretation of the workmen's compensation act. As stated by Mr.

---

* The powers and duties of the industrial accident board, here referred to, have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.

Justice Steere in *Hills* v. *Blair,* 182 Mich. 20, 25 (7 N. C. C. A. 409):

"The language of the Michigan compensation law is adopted from the English and Scotch acts on the same subject, and, in harmony with their interpretations, has been construed by this court."

Lord Sterndale, M.R., of the Court of Appeal, England, stated in *Harper* v. *Dick, Kerr & Co.,* 13 B.W.C.C. 250:

"We are bound by the decision of this Court in *Tucker* v. *Oldbury District Council,* [1912] 2 K.B. 317 (5 B.W.C.C. 296), to hold that the dependents of a deceased workman have a direct separate right to institute proceedings given by Sched. I, 3 (1) (*a*). It was so decided in that case, and the same thing was said by Lord Finlay in *Manton* v. *Cantwell,* [1920] A.C. 781 (13 B.W.C.C. 55). That being so, I do not see how you can find *res judicata* when the previous litigation was between different parties or how you can have estoppel against one of those parties because of a decision in proceedings to which they were not a party. It is like the case of two actions by strangers which involved decision of the same question. A finding in one would not make the other *res judicata* at all."

There is testimony to support the department's holding that Wolanin's death was due to the injury he sustained in 1935.

Appellant claims that the award should be vacated because death was the result of a mental disturbance collateral to the injury and did not arise directly from it but was due to worry, anxiety or brooding over the accident, et cetera, citing *Schneyder* v. *Cadillac Motor Car Co.,* 280 Mich. 127, and *Schneyder* v. *General Motors Corp.,* 289 Mich. 63. The instant case can be distinguished because in this record there is some testimony to support the de-

partment's holding that the 1935 injury had a direct effect upon Wolanin's nervous system. See the distinction stated in the *Schneyder Cases.* We cannot substitute our view of the testimony for that of the department.*

Appellees insist that they are entitled to receive a full 300 weeks' compensation beginning with October 23, 1935, because no compensation has ever been paid on account of that accident, and they ask that we give consideration to the department's discussion of the *Lambert Case* and the view expressed on that subject in 18 Michigan State Bar Journal, pp. 160–167.

Section 12 of part 2 of the workmen's compensation act, 2 Comp. Laws 1929, § 8428 (Stat. Ann. § 17.162), provides that "the death benefit shall be a sum sufficient, when added to the indemnity which shall at the time of death have been paid or become payable under the provisions of this act to such deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical and hospital services and medicines furnished as provided in section four hereof, equal to the full amount which such dependents would have been entitled to receive under the provisions of section five hereof, in case the accident had resulted in immediate death."

Section 5, part 2 (2 Comp. Laws 1929, § 8421 [Stat. Ann. § 17.155]) limits compensation for death to not more than $18 per week for a period of 300 weeks from the date of the injury.

The several claims filed by plaintiffs and the testimony show that the injuries of 1934 and 1935 were of the same nature. Both occurred while Wolanin was working as a common laborer, for the same em-

---

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—RE-PORTER.

ployer, and his disability prevented his continuance in the same line of employment.

"It must be obvious that a man cannot be more than totally disabled. It should be equally obvious that he cannot receive compensation for more than total disability." *O'Brien* v. *Albert A. Albrecht Co.,* 206 Mich. 101, 106.

See, also, 6 A.L.R. 1257, and annotations in 96 A.L.R. 1080.

Our statute does not provide for concurrent compensation for total disability in the same line of work. Compensation cannot exceed the maximum provided by the act.

In *Hebert* v. *Ford Motor Co.,* 285 Mich. 607, compensation for total disability was paid to a workman engaged in skilled employment. He later suffered a permanent injury while engaged in another kind of employment not involving the performance of skilled labor of the kind and character in which he was formerly engaged. Payment of compensation for total disability was approved for this second injury in addition to the compensation he received for the first injury. The *Hebert Case* is distinguishable in that it involved claims for compensation both as a skilled and unskilled employee, while the claims in the instant case are confined to loss as an unskilled employee.

Under the *Kaiser* and *Lambert Cases, supra,* plaintiffs' recovery is limited to compensation for 300 weeks from October 23, 1935, less compensation accrued during Wolanin's lifetime.

The cause is remanded for the entry of an award in conformity with the opinion. Costs to appellees.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.