SHAW *v.* GENERAL MOTORS CORPORATION.

1. WORKMEN'S COMPENSATION—TOTAL DISABILITY.

In woman's proceeding to recover workmen's compensation for injury to her shoulder, evidence supported finding of department of labor and industry that at time of hearing she was totally disabled.

2. SAME—EARNING CAPACITY—PRESUMPTIONS—EVIDENCE.

> The presumption of earning capacity of plaintiff employee arising from the fact that she was employed at very light work for approximately 18 months after her injury must yield to proof tending to show actual physical condition as of the date of the hearing on application for workmen's compensation.

3. SAME—FINDING OF DEPARTMENT—EVIDENCE—SUPREME COURT.

> Under the workmen's compensation law the department of labor and industry is charged with the duty of considering the testimony offered by the parties, determining facts therefrom and drawing legitimate inferences from the facts found to be established by competent proofs and such findings and inferences, so supported, must be accepted by the Supreme Court (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

4. SAME—DISABILITY—FINDING OF DEPARTMENT—EVIDENCE.

> Evidence *held*, to support finding of department of labor and industry that plaintiff had established a compensable disability.

5. SAME—SHOULDER INJURY—NOTICE—REPORT—STATUTE OF LIMITATIONS.

> Where plaintiff sustained an injury to her shoulder when she fell while carrying two 35-pound drums, was treated from time to time in latter's first-aid department, given lighter work for 18 months and lost an average of one day a week after the injury and due to it, and employer made no report of the injury as required by rule promulgated by the department, provision suspending operation of the statute of limitations within which claim for compensation must be filed was applicable (2 Comp. Laws 1929, §§ 8431, 8456, as amended by Act No. 245, Pub. Acts 1943; Administrative Code 1944, p. 349).

6. SAME—NOTICE OF INJURY—LOSS OF TIME DUE TO INJURY.

> Actual knowledge that an employee's loss of time was due to injury received in employment is the equivalent of notice (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943; § 8434).

7. SAME—NOTICE—KNOWLEDGE OF FOREMAN—FIRST-AID DEPARTMENT—REPORTS.

> An employer is bound by notice to, and the knowledge of, its foreman and representatives in charge of its first-aid department where injured employee received treatments for her injury that it was disabling in character, and hence required to file a proper report thereof (2 Comp. Laws 1929, §§ 8431, 8456, as amended by Act No. 245, Pub. Acts 1943; Administrative Code 1944, p. 349).

8. SAME—CLAIM FOR COMPENSATION—REPORTS—NOTICE OF INJURY.
Claim for compensation filed June 6, 1946, for injury sustained
in February, 1944, *held*, seasonably filed, where employer had
filed no report of the injury notwithstanding its foreman and
first-aid department personnel knew of plaintiff's injury, 'its
disabling character and effect as to her ability to work, and
gave her lighter work for a year and a half before laying her
off with other employees (2 Comp. Laws 1929, §§ 8431, 8456,
as amended by Act No. 245, Pub. Acts 1943; Administrative
Code 1944, p. 349).

Appeal from Department of Labor and Industry.
Submitted January 8, 1948. (Docket No. 26, Calendar No. 43,756.) Decided February 16, 1948.

Minnie Shaw presented her claim for compensation against General Motors Corporation, Chevrolet Gear and Axle Division, for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Charfoos, Gussin & Weinstein,* for plaintiff.

*Henry M. Hogan (R. V. Hackett, G. W. Gloster and E. H. Reynolds,* of counsel), for defendant.

CARR, J. Plaintiff herein sustained an injury, in February, 1944, while working in the employ of defendant. It is her claim that while carrying two drums, weighing approximately 35 pounds each, she slipped, or stumbled, and fell, injuring her shoulder. She reported the occurrence to her foreman and was directed to the first-aid department maintained by defendant. After receiving treatment there she reported again to her foreman, informing him that she could not resume her regular work because her arm was hurting her. Thereupon she was assigned lighter employment, in which she continued until the latter part of August, 1945, when she was laid off

with other employees. She was not subsequently employed, but did apply for and received unemployment compensation insurance.

On June 6, 1946, plaintiff filed her application for compensation under the workmen's compensation act of this State (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended [2 Comp. Laws 1929, § 8407 *et seq.* (Comp. Laws Supp. 1940, 1945, § 8408 *et seq.,* Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 17.141 *et seq.*)]) with the department of labor and industry. Defendant filed its answer thereto, denying plaintiff's right to benefits under the act, and asserting in support of such denial, among other reasons, that plaintiff had not sustained a compensable injury arising out of and in the course of her employment and that claim for compensation had not been made within the time prescribed by the statute above cited. Following hearing before a deputy of the department, plaintiff was awarded compensation at the rate of $21 per week until further order. The compensation commission of the department sustained the award. Having obtained leave from this Court, defendant has appealed.

Plaintiff was a witness in her own behalf on the hearing before the deputy commissioner, testifying to the manner in which the accident happened, and the resulting injury to her shoulder. She also testified that the injury continued to cause her trouble and that she went to defendant's first-aid department for treatment on an average of once or twice a week as long as her employment continued. She further claimed that because of the injury she lost an average of one day per week during the time that she remained in defendant's employ.

A physician who had examined plaintiff testified, in substance that she was suffering from a painful enlarged supraspinatus bursa which might have re-

sulted from trauma, for which condition the physician recommended excision. Defendant introduced medical testimony at variance with that given by plaintiff's witness. The deputy, and the compensation commission on appeal, determined the controverted issues in favor of plaintiff, sustaining her claim to compensation. The findings of fact are summarized in the commission's opinion as follows:

"We find as a fact that the plaintiff sustained an accidental personal injury arising out of and in the course of her employment in February, 1944; that the defendant had notice but failed to file report; that more than eight days' time was lost as a result of the accident, and that since the defendant failed to report the matter, claim for compensation is timely filed. We further find that the plaintiff is still totally disabled as a result of the injury, and is entitled to the compensation as awarded by the deputy commissioner."

It is not disputed that the injury sustained by plaintiff arose out of and in the course of her employment. Defendant contends, however, that there was no evidence before the department to show that plaintiff sustained a compensable disability. Emphasis is placed on plaintiff's continuance in the employ of the defendant for approximately 18 months after she sustained the injury to her shoulder, and on the fact that the record does not show that her wages in the lighter employment given her were less than prior to the accident. It is argued that such employment after the injury raises a presumption that plaintiff did not suffer a loss in earning capacity.

In support of its contention defendant relies on *MacDonald* v. *Great Lakes Steel Corp.*, 274 Mich. 701. There plaintiff was granted compensation

based on the difference between his average weekly earnings at the time of his injury and his wage-earning capacity thereafter.   From such award he appealed on the ground that the reduction therein on the basis indicated was improper.   In sustaining the action of the department this Court said:

"He makes no showing of change of physical condition or ability to work, of inability to obtain a job, that he belongs in the class of 'nondescript' or 'odd lot' labor, *Hood* v. *Wyandotte Oil & Fat Co.,* 272 Mich. 190, nor that otherwise there has been a change in his actual earning capacity since his discharge. The department refused to reinstate the original award on the ground that a wage-earning capacity had been established by the employment and no change in such capacity had been shown.

"The action of the department amounts to a ruling that the actual earning of wages establishes an earning capacity under the proviso in 2 Comp. Laws 1929, § 8427 (e), that, *prima facie,* such earning capacity continues after the discharge of the employee from the employment in which the wages are earned and that the burden of showing a change of earning capacity when the employment ceases (in order to reinstate the original award or to decrease the set-off against it) is upon the employee.   This is merely an application of the rule that the burden of proof of right to compensation and its amount is on the employee.   The *prima facie* assumption of continuance of earning capacity is in accord with ordinary human experience and not unfair.

"The ruling does not require the employee to show a change of physical condition after his discharge.   Nor does it prevent his showing his actual earning capacity after the employment ceases, as affected by his physicial condition, his ability to work, the market for his labor and other pertinent circumstances.

"Plaintiff having failed to present evidence to rebut the *prima facie* showing of earning capacity resulting from actual employment, the award is affirmed."

In *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich. 190, cited in the above quotation, it was said:

"An injured person may recover to the point where he can, if favored, perform special service, if such is obtainable, but, if none can be obtained because of his injury, his capacity to work and earn cannot be measured against his incapacity. If his injury isolates him from employment then, of course, he is not to be held to have capacity to work and earn wages. If his injury has reduced his capacity to work and relegated him to the rating of 'odd lot' or 'nondescript' workers for whom labor openings are extremely limited, then opportunity, within his capacity, should be made to appear. * * *

"The department found total disability. We do not weigh the evidence. The weighing scale is in other hands and, even if we think it out of balance, we cannot re-weigh. There was evidence that plaintiff has no wage-earning capacity by reason of his injuries and inability to obtain employment in his handicapped condition."

In the case at bar rebuttal testimony of the character referred to by the court in the language above quoted was offered on behalf of plaintiff. She testified before the deputy commissioner that, because of the condition of her shoulder, she was at the time of the hearing unable to work, that the condition was "getting worse," and that the pain was continuous. Her medical witness further testified that the bursitis, because of its character and location, was very painful. The department found a condition of total disability, which finding is supported by plaintiff's proofs. It must be said, therefore, that

any presumption of earning capacity resulting from the fact that plaintiff was employed by defendant at very light work for approximately 18 months after the injury yields to the proof tending to show her actual physical condition as of the date of the hearing.

The scope of the review by this Court in cases of this character is limited. 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8451 [Stat. Ann. 1947 Cum. Supp. § 17.186]), provides in part as follows:

"The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said compensation commission."

Under the provisions of the workmen's compensation law the department of labor and industry is charged with the duty of considering testimony offered by the parties, determining facts therefrom, and drawing legitimate inferences from the facts found to be established by competent proofs. Such findings and inferences, if supported by competent evidence, must be accepted by this Court. *Graham* v. *City of Lansing,* 303 Mich. 98; *Wolanin* v. *Chrysler Corp.,* 304 Mich. 164; *Holloway* v. *Ideal Seating Co.,* 313 Mich. 267. Defendant's claim that plaintiff failed to establish a compensable disability cannot be sustained.

Defendant further contends that the award should be set aside on the ground that plaintiff's claim for compensation was not seasonably filed. The determination of this issue involves a consideration of pertinent statutory provisions. 2 Comp. Laws 1929, § 8431, as last amended by Act No. 245, Pub. Acts

1943 (Comp. Laws Supp. 1945, § 8431 [Stat. Ann. 1947 Cum. Supp. § 17.165]), reads as follows:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same; or, in case of the death of the employee, within 6 months after said death; or, in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim: Provided, however, That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within 6 months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 2 years from the date the personal injury was sustained: And provided further, That any time during which an injured employee shall be prevented by reason of his physical or mental incapacity from making a claim, shall not be construed to be any part of the 6 months' limitation mentioned in this section: And provided further, That in all cases in which the employer has been given notice of the happening of the injury, or has notice or knowledge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said

injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission.''

The making of the reports referred to in the section quoted is governed by 2 Comp. Laws 1929, § 8456, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8456 [Stat. Ann. 1947 Cum. Supp. § 17.191]), which reads:

''Every employer who is subject to the workmen's compensation act shall keep a record of all injuries causing death or disability of any employee arising out of and in the course of the employment, which record shall give the name, address, age, wages of the deceased or disabled employee, the time and cause of the accident, the nature and extent of the injury and disability, and such other information as the compensation commission may reasonably require by general order. Reports based upon this record shall be furnished to such commission at such times and in such manner as it may reasonably require by general order upon forms to be procured from such commission.''

In accordance with the authority granted to it by the statute, the compensation commission of the department of labor and industry adopted certain rules, effective July 30, 1943. The first rule so adopted, which was in force and effect at the time of plaintiff's injury, and subsequently incorporated as rule 1 in the rules and regulations adopted by the commission, effective March 31, 1944, required employers subject to the workmen's compensation act to report to the commission on a prescribed form within eight days after the occurrence of, first, com-

pensable injuries, second, occupational diseases, third, specific losses, fourth, lost-time injuries of one day more than the day or shift on which the injury occurred. The rule further required that a copy of the report be given to the injured employee.*

In the case at bar it is conceded that no report was filed with the commission. Whether the defendant actually kept any record of plaintiff's accident and injury, as required by the provisions of the statute last above quoted, does not appear. It is conceded, however, that if it was defendant's duty to make a report, its failure to do so precludes it from now asserting that plaintiff's claim for compensation was not seasonably filed. The concluding proviso in the section of the statutes first above quoted would clearly be applicable under such circumstances. *Nicholas* v. *St. Johns Table Co.,* 302 Mich. 503, 515. Defendant insists, however, that the record in the case does not indicate that it owed such duty. It is claimed that plaintiff should have advised defendant, through its proper representatives, that her loss of time was due to her injury. Emphasis is placed on the fact that the record fails to show that any express notification of such purport was given. However, actual knowledge on the part of an employer is the equivalent of notice. *Vestal* v. *Therminsul Corp.,* 291 Mich. 64; *Henderson* v. *Consumers Power Co.,* 301 Mich. 564; 2 Comp. Laws 1929, § 8434 (Stat. Ann. § 17.168). Defendant was bound by notice to, and the knowledge of, its foreman and its representatives in charge of the first-aid department where plaintiff received treatments for her injury. *Burke* v. *Michigan Stamping Co.,* 223 Mich. 495; *Johnson* v. *Ford Motor Co.,* 240 Mich. 316; *Fulford* v. *J. L. Hudson Co.,* 269 Mich.

---

* See Administrative Code 1944, p. 349.—Reporter.

520; *LaPorte* v. *Kalamazoo Stove & Furnace Co.,* 308 Mich. 687; *Hutchinson* v. *Tambasco,* 309 Mich. 597. If defendant knew plaintiff's injury was disabling in character, it was required under the statute and the rules of the compensation commission to file a proper report. *Pritchard* v. *Ford Motor Co.,* 276 Mich. 246; *Paridee* v. *Great Atlantic & Pacific Tea Co.,* 278 Mich. 191.

The evidence before the department of labor and industry indicated that defendant, through its representatives, knew that plaintiff had sustained an injury arising out of and in the course of the employment. Said representatives further knew that she was unable to continue in her prior employment. Because of her condition she was given lighter work in which she was continued as long as she remained in defendant's employ. Apparently she was not asked to do the heavier work that she had done previously. Defendant was also charged with knowledge that plaintiff was receiving treatments for her shoulder condition at the first-aid department, and that she was absent from work on an average of one day per week, during the time that she continued in her employment. Plaintiff's testimony with respect to these matters was not contradicted. Based on the proofs before it the department found that defendant had knowledge of plaintiff's condition, the nature of the disability from which she was suffering, the cause thereof, and its effect on her ability to work. We cannot say that the inferences drawn by the department from the established facts were not permissible.

The findings of the compensation commission that defendant had knowledge that plaintiff had suffered a disabling injury and that she had, in consequence thereof, lost time from her employment, being based on competent evidence, are binding on this Court

under the statutes and cases hereinbefore cited. The determination of the commission that defendant was required to file a report must in consequence be sustained. Not having performed the statutory duty resting on it, defendant was not entitled to assert that plaintiff's claim for compensation was not seasonably filed.

The award is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred. BUTZEL, J., did not sit.