HAYES v. DETROIT STEEL CASTING COMPANY.

1. WORKMEN'S COMPENSATION—FINDINGS OF COMMISSION—REVIEW BY SUPREME COURT—EVIDENCE.

The Supreme Court does not weigh the evidence on an appeal from the workmen's compensation commission but examines the record to determine if the findings of fact by the commission are supported by testimony; supported findings being conclusive in the absence of fraud (CL 1948, § 413.12).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation, § 532.

[2] 58 Am Jur, Workmen's Compensation, § 250.

[2] Insanity as affecting right of employee to compensation. 6 ALR 570.

[2] Workmen's compensation: Neurasthenia as compensable. 44 ALR 500.

[2] What amounts to total incapacity within workmen's compensation acts (nervous affections). 98 ALR 729, 740.

[2] Workmen's compensation: Mental state or nervous condition following accident or injury as compensable, or factor in, determining amount or duration of period of compensation. 86 ALR 961.

[3] 58 Am Jur, Workmen's Compensation, §§ 381, 382.

[3] Requirement of workmen's compensation act as to notice of accident or injury (excuses for want of or defect in notice). 78 ALR 1249; 92 ALR 509; 107 ALR 821; 145 ALR 1283.

[3] Mental incompetency as obviating effect of failure to comply with provisions of workmen's compensation acts as to giving notice or other procedural matters. 91 ALR 1400.

2. Same—Loss of Eye—Post-Traumatic Neurosis—Proximate Cause—Evidence.

Findings of workmen's compensation commission that following plaintiff's loss of an eye he suffered a post-traumatic neurosis and that such condition resulted directly from the occupational injury rather than from collateral matters, being supported by testimony, are conclusive (CL 1948, § 413.12).

3. Same—Loss of Eye—Post-Traumatic Neurosis—Notice—Claim for Compensation—Time.

Award of workmen's compensation to plaintiff who suffered injury on June 1, 1945 resulting in loss of eye, under petition filed October 14, 1948 for disability due to post-traumatic neurosis less credit for compensation paid for loss of eye was proper, where such condition was not manifest immediately following the injury, the medical diagnosis of his condition not having been made until after his disability had continued for an extended period of time, notwithstanding failure of plaintiff to give notice and file claim for compensation within periods prescribed by statute (CL 1948, § 412.15).

Appeal from Workmen's Compensation Commission. Submitted June 7, 1950. (Docket No. 22, Calendar No. 44,673.) Decided October 2, 1950.

Louis Hayes presented his claim for compensation against Detroit Steel Casting Company, employer, and Michigan Mutual Liability Company, insurer, for injury suffered while in its employ. Award to plaintiff. Defendants appeal. Affirmed.

*Marcus, Kelman & Loria,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

Carr, J. While in the employ of the defendant, Detroit Steel Casting Company, on June 1, 1945, plaintiff sustained an injury to his left eye, necessitating its subsequent removal. He was paid compensation at the rate of $21 per week for 150 weeks for its loss. Report of the injury to the eye was

made by the employer in accordance with the statutory requirement.

Under date of October 14, 1948, plaintiff made application for hearing and adjustment of claim under the provisions of the workmen's compensation law, PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.* [Stat Ann § 17.141 *et seq.*]). In said application the nature of his disability was described as "enucleation of left eye; traumatic neurosis." The defendants filed an answer denying liability on the ground that plaintiff's alleged disability, existing at the time of making his application, did not result from the occupational injury, and further asserting that plaintiff had not given notice of the neurosis, or filed claim for compensation therefor, within the time prescribed by the statute.*

The deputy commissioner, before whom the matter was heard, came to the conclusion that plaintiff's disability at the time, manifested in part by severe headaches and dizziness, was not the result of the injury, but was due to anxiety and brooding over his condition and his failure to obtain employment. On appeal the workmen's compensation commission reversed the deputy, specifically finding that the plaintiff had been disabled since August 20, 1945, by reason of a traumatic neurosis attributable to the injury of June 1st, preceding. Compensation was accordingly awarded at the rate of $21 per week until the further order of the commission, with credit to defendants for the amounts previously paid. On leave granted by this Court, defendants have appealed.

Appellants claim that the commission erred in finding that plaintiff's disability was the result of the injury sustained by him on June 1, 1945. It is

---

* Part 2, § 15, of the workmen's compensation act (CL 1948, § 412.15 [Stat Ann 1949 Cum Supp § 17.165]).

insisted that if the condition from which plaintiff claimed to be suffering existed at all it was brought about by worry on his part. On the hearing an expert witness produced by defendants supported their claim, testifying that in his opinion there was no actual neurosis and that plaintiff's condition could not be attributed directly to the injury to the eye. However, a medical practitioner, a specialist in neurology and psychiatry, who had examined plaintiff and who testified in his behalf, stated that in his opinion there could be a relationship between the injury and loss of the eye and plaintiff's then disability, that such condition was psychoneurosis of a post-traumatic type, that the injury initiated such condition, and that it was merely aggravated by plaintiff's worrying and his feeling of a lack of security. The conclusions of the witness were summarized in the following statement:

"The symptoms which he complained about were at first apparently thought to be due to the eye. However, we note that the same symptoms remain following the enucleation which removed any possible organic cause for this illness and his symptoms have remained, and also we have to note that here was a man with good work record with no difficulties, who since that time has apparently been unable to work and his symptoms fit into the classical description of a post-traumatic psychoneurosis."

This Court does not weigh the evidence, but examines the record to determine if the findings of fact by the commission are supported by testimony. If so, such findings are, in the absence of fraud, conclusive. CL 1948, § 413.12 (Stat Ann 1949 Cum Supp § 17.186). *Shaw* v. *General Motors Corporation,* 320 Mich 338; *Finch* v. *Ford Motor Company,* 321 Mich 469. The testimony offered in plaintiff's behalf in this case supports the findings of the com-

mission that plaintiff was suffering form post-traumatic psychoneurosis, and that such condition resulted directly from the occupational injury rather than from collateral matters. The duty of weighing the testimony rested on the commission. On the record before us its findings as to the facts are conclusive.

It is contended further on behalf of appellants that plaintiff's present claim for compensation is barred by his failure to comply with part 2, § 15, of the workmen's compensation law, above cited. Said section provides in part that:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same."

As before noted, compensation for the loss of the eye was paid to plaintiff. It is not questioned that defendants had knowledge of the injury. It is, however, their contention that the condition which the commission found to be the cause of plaintiff's total disability, if it resulted from the injury at all, existed immediately following the accident on June 1, 1945; that plaintiff at that time was charged with knowledge of such condition; and that in consequence he should have given notice thereof to his employer, and have made claim for compensation accordingly, within the respective periods mentioned in the statute. In support of their contention reliance is placed on *Stackhouse* v. *General Motors Corp.*, 290 Mich. 249. There the plaintiff sustained an injury resulting in the amputation of portions of the 3d and 4th fingers on his left hand, for which he was paid com-

pensation. Approximately 4 years later he filed a petition alleging that in the same accident he also sustained an injury to the middle finger of the hand, of such character as to prevent his working at ordinary labor. This Court reversed an award of compensation for the injury to the middle finger on the ground that the claim was not seasonably made. His failure to call attention to the condition of such finger at the time of the settlement agreement under which compensation was paid him for the partial loss of 2 fingers was not explained. Obviously, however, the facts were known to plaintiff at the time. All the results following the injury were manifest.

In the case at bar the situation presented is not parallel to that involved in *Stackhouse* v. *General Motors Corp., supra.* The testimony taken on the hearing before the deputy commissioner indicated that for some time following the injury the headaches and dizziness of which plaintiff complained were attributed to the injury to, and removal of, the eye. It is, we think, reasonably apparent that plaintiff was not aware that he was suffering from psychoneurosis. It cannot be said that such condition was manifest immediately following the injury. It does not appear that a medical diagnosis of the condition was made until after plaintiff's disability had continued for an extended period of time.

The practical situation is that the injury to the plaintiff resulted in (1) the loss of an eye, and (2) a disabling psychoneurosis, the existence of which was not immediately determined. Under the circumstances we cannot agree with defendants' contention that the failure on plaintiff's part to give notice, and file claim for compensation, within the periods therefor prescribed by the statute, above quoted, bars the recovery of compensation. The facts here are somewhat analogous to those in *Palchak* v. *Murray Corporation of America,* 318 Mich

482, in which an award of compensation was affirmed as against the objection that the claim had not been seasonably filed.   See, also, *Jelusich* v. *Wisconsin Land & Lumber Co.,* 267 Mich 313; *Rowe* v. *Consumers Power Co.,* 268 Mich 162; *Wilson* v. *Tittle Brothers Packing Co.,* 269 Mich 501.

The award is affirmed, with costs to plaintiff.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.