HOOKS v. WAYNE COUNTY ROAD COMMISSIONERS.

1. WORKMEN'S COMPENSATION—EMPLOYER NOT SUBJECT TO ACT.
   Defendant employer was not subject to award of workmen's compensation, where although plaintiff's decedent was his employee, defendant was not shown to be subject to the workmen's compensation act in that it was not shown he regularly employed 4 or more persons at one time (CL 1948, § 412.2a, as amended by PA 1949, No 238).

2. SAME—PRINCIPAL AND CONTRACTOR—FINDING OF COMMISSION—EVIDENCE.
   Finding of workmen's compensation commission that defendant county board of road commissioners, which was subject to

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 87.
[1] Continuity and duration of employment required by provision of act making its applicability depend on number of persons employed. 81 ALR 1232.
[2] 58 Am Jur, Workmen's Compensation §§ 471, 481, 483, 530.

the workmen's compensation act, and which had acquired a right-of-way and sold a building thereon to defendant employer, who was not subject to the workmen's compensation act, under a contract requiring its removal by a given date, hence, that there was no relationship of principal and contractor imposing responsibility upon defendant board at time plaintiff's decedent suffered fatal accident while building was being razed *held*, sustained by record and conclusive upon the Supreme Court (CL 1948, §§ 411.10, 413.12).

Appeal from Workmen's Compensation Commission. Submitted June 10, 1954. Resubmitted January 12, 1956. (Docket No. 25, Calendar No. 45,495.) Decided April 2, 1956.

Wyvonna Hooks, widow, and the children of Ulous (Bud) Hooks presented their claims for compensation against the Wayne County Road Commissioners and Clyde E. Hughes, doing business as Hughes Wrecking Company, because of his death while building was being demolished. Award against defendant Hughes only. Plaintiffs appeal asking reversal as to defendant Wayne County Road Commissioners. Defendant Hughes asked for correction of record and Court remanded case for further hearing. Award against defendant Hughes only. Affirmed as to defendant Wayne County Road Commissioners. Reversed as to defendant Hughes.

*Marcus, Kelman, Loria, McCroskey & Finucan,* for plaintiffs.

*John C. Jacoby* and *James M. Davey (Lacey, Jones & Doelle,* of counsel), for defendant Wayne County Road Commissioners.

*Bloom & Bloom,* for defendant Hughes.

Carr, J. This proceeding has resulted from the accidental death of Ulous Hooks on August 3, 1950.

At the time he received his fatal injuries Mr. Hooks was assisting in the work of dismantling a building located at 1014 Michigan avenue in the city of Detroit. A wall of the structure fell on him with the result indicated. The building in question had been purchased by defendant Hughes, doing business as the Hughes Wrecking Company, from the Wayne county road commissioners under an agreement that required its removal from the premises within a specified time.

Plaintiffs herein, the widow and minor children of Ulous Hooks, filed applications for dependency compensation under the provisions of the workmen's compensation law of the State,* claiming liability on the part of the county road commissioners, hereinafter referred to as the Board, and Hughes. A third application designated William Diskin, doing business as Dee & Dee Company, as the employer. A hearing was had before a deputy commissioner, who came to the conclusion, after listening to the proofs of the parties, that plaintiffs had failed to establish that at the time of the accident in which Ulous Hooks was injured an employee-employer relation existed between him and the named defendants, or any one of them. The claims for dependency compensation were denied. Thereupon plaintiffs appealed to the workmen's compensation commission.

While the matter was pending before the commission on appeal plaintiffs petitioned for leave to take additional testimony. Such leave was granted and proofs were taken tending to show that defendant Hughes, following the accident in which Ulous Hooks was injured, had admitted that the latter was in his employ. Such admissions were corroborated by other testimony relating to the situation at the time

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 et seq. [Stat Ann 1950 Rev § 17.141 et seq.], as amended).

the accident occurred.  The record then before the commission indicated that, at the outset of the hearing before the deputy, counsel for defendant Hughes had admitted that said defendant was subject to the provisions of the workmen's compensation act. Based on such admission, and on the testimony before it, the commission reversed the holding of the deputy as to defendant Hughes, finding that he was liable to pay dependency compensation at the rate of $28 per week* until the further order of the commission, not exceeding 400 weeks, together with an allowance for funeral expenses in the sum of $300. An award was entered accordingly.  From such order defendant Hughes, on leave granted by this Court, appealed in the nature of certiorari. Plaintiffs also appealed from the action of the commission in finding in favor of the defendant Board.  There being no testimony tending to establish liability on the part of the third defendant, William Diskin, no appeal from the finding in his favor was made, and he is not a party to the proceeding on appeal.

The cause was duly noticed for hearing at the June, 1954, term of this Court.  Prior thereto defendant Hughes sought leave to file a supplemental record claiming that, because of an error of the stenographer taking the testimony before the deputy, the record on file was not correct in indicating that his counsel had admitted that he was subject to the workmen's compensation law.  The request was granted, it being made to appear that no such admission had been made.  The supplemental record as filed indicated that the stenographer had in fact made an error, and that counsel for Hughes instead of admitting that his client was subject to the compensation law had denied that such was the case.

* See CL 1948, § 412.5, as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.155).—REPORTER.

Confronted with this situation on appeal the Court remanded the cause to the compensation commission with directions to allow the parties to offer proofs relating to the issues whether Ulous Hooks was at the time of his death an employee of defendant Hughes and whether said defendant was subject to the provisions of the compensation act. Additional testimony was taken pursuant to the order, from which it appeared that on the 3d of August, 1950, Ulous Hooks was an employee of Clyde S. Hughes, doing business as Hughes Wrecking Company. It was not shown, however, that Hughes regularly employed 4 or more persons at one time.* Based on the testimony received the compensation commission concluded, as appears from the opinion filed by it and transmitted to this Court with the testimony taken pursuant to the order remanding the cause, that plaintiffs had failed to show that Hughes was subject to the provisions of the statute at the time of the occurrence in question. Under the testimony in the supplemenal record there can be no serious question as to the correctness of the findings of the commission with reference to the status of defendant Hughes. The testimony discloses that Ulous Hooks was in his employ at the time of the accident but that, for the reason indicated, Hughes was not subject to the statute. In consequence, the award against said defendant must be set aside.

On behalf of plaintiffs it is contended that the order of the commission was, as to defendant Board, unsupported by testimony and therefore erroneous. This claim presents the principal issue now before us. The record discloses that the building sold by the Board to defendant Hughes, located at 1014 Michigan avenue in the city of Detroit, was acquired in connection with proceedings taken for the estab-

* CL 1948, § 411.2a, as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.142[1]).—Reporter.

lishment of a thoroughfare known as the John C. Lodge highway. In the furtherance of the project the Board acquired land for right-of-way purposes by purchase or condemnation. It appears that, if possible, buildings located on such property were sold, the contracts of sale requiring removal within a specified period of time. This course was followed with reference to the building purchased by Hughes. The Board reserved no control over the manner of disposition of the building, thus leaving with the purchaser the right to remove it or to tear it down with the incidental ownership of such material as might be salvaged. There was testimony received to the effect that as to buildings that could not be sold, subject to removal, the Board might turn them over to its engineering department for demolition, or perhaps enter into a contract for the doing of the work by others. It clearly appears, however, that the building on which Ulous Hooks was working at the time of his injuries had been purchased by defendant Hughes in accordance with the general plan established by the Board.

In support of the argument that the Board should be held liable for the payment of dependency compensation to the plaintiffs, counsel rely on part 1, § 10, of the workmen's compensation law (CL 1948, § 411.10 [Stat Ann 1950 Rev § 17.150] ), which read* as follows:

"(a) Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act or who has not complied with the provisions of section 1 of part 4 and who does not become subject to this act or comply with the provisions of section 1 of part 4 prior to the date of

---

* The amendment to this section by PA 1954, No 175, is not material in this case.

the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed: Provided, That the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract;

"(b) Where the principal is liable to pay compensation under this section, he shall be entitled to be indemnified by the contractor or subcontractor as the case may be, but the employee shall not be entitled to recover at common law against the contractor or any other person for any damages arising from such injury if he takes compensation from such principal. The principal, in case he pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor."

Emphasis is placed on the claim that the establishment of the highway necessitated removing from the right-of-way acquired by the Board any buildings thereon. Obviously such was the situation. Had the Board entered into a contract with defendant Hughes to demolish a building that could not be sold, a different situation would be presented than is now before us. We are concerned with the nature of the arrangement actually made. In considering the claim of the plaintiffs as to defendant Board's lia-

bility, the compensation commission in its opinion said:

"Plaintiff also seeks dependency compensation from the defendant Board under the provisions of section 10 of part 1 of the act on the theory that the relationship of principal and contractor existed between the defendant Hughes and the Board. We do not think the alternative claim is tenable because section 10 of part 1 is not applicable to the facts in the instant case. There was no contract between the Board and defendant Hughes whereby the Board undertook in whole or in part to remove the building. The Board merely acted as an agent for the sale of the building. It had no right to control the acts of the purchaser once the building was sold. It was a vendor-purchaser relation between the Board and defendant Hughes. Hughes bought the building, paid for it and took possession of it. He was the owner of the building and had possession of it at the time the accident occurred. The work being done was exclusively his work and not that of the Board. Therefore the Board is not liable under the workmen's compensation act for the fatal injury."

We have carefully considered the testimony in the record before us and think that it fully supports the factual findings of the commission. Proofs were introduced clearly indicating that defendant Hughes bought the building and paid for it, and that the manner of disposition of it rested entirely with him. He was not a contractor obligated to demolish the structure for the Board. The fact that such an arrangement might have been made does not alter the situation. Defendant Board had the right to sell buildings located on the acquired right-of-way or to get rid of them by demolishing them. The general plan was followed and Hughes became the owner of the structure rather than a contractor for its demolition. The findings of fact of the commission are

supported by the testimony and, in consequence, are conclusive. CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186); *Shaw* v. *General Motors Corporation*, 320 Mich 338; *Hayes* v. *Detroit Steel Casting Company,* 328 Mich 609.

The order of the workmen's compensation commission is affirmed, except as to the award against defendant Hughes. The cause is remanded with directions to set aside said award.

DETHMERS, C. J., and SHARPE, REID, BOYLES, and KELLY, JJ., concurred.

SMITH and BLACK, JJ., took no part in the decision of this case.