WALDING v. GENERAL MOTORS CORPORATION.

1. WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY.
   The scope of an award for total and permanent disability is not limited to the grounds for such disability specifically set forth in a section of the workmen's compensation act following the provision for an award for total disability, setting forth that losses of 2 or more members of the body should constitute total and permanent disability (CL 1948, §§ 412.9, 412.10).

2. SAME—FURTHER COMPENSATION—TOTAL AND PERMANENT DISABILITY—FINDING OF WORKMEN'S COMPENSATION APPEAL BOARD—EVIDENCE.
   Evidence presented in plaintiff's proceeding to recover further compensation for total disability after expiration of 500 weeks

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 283 et seq.
[2] 58 Am Jur, Workmen's Compensation § 530.
[3] 58 Am Jur, Workmen's Compensation § 461.

from date of injury *held*, sufficient on which to base finding of the workmen's compensation appeal board that plaintiff was at the time of hearing totally and permanently disabled and entitled to further compensation, a finding that is binding on the Supreme Court (CL 1948, §§ 412.9, 413.12).

3. SAME—TOTAL AND PERMANENT DISABILITY—QUESTION OF FACT— POSSIBILITY OF REHABILITATION.

Whether or not the disability sustained by an employee is total and permanent is a question of fact and is not limited to instances where such result has followed solely from causes wholly excluding any possibility of improvement or rehabilitation; hence, award of compensation to continue until further order but not to exceed 750 weeks was proper (CL 1948, § 412.9).

Appeal from Workmen's Compensation Appeal Board. Submitted January 15, 1958. (Docket No. 55, Calendar No. 47,002.) Decided April 15, 1958.

Ervin Walding presented his claim for further compensation from General Motors Corporation, Cadillac Motor Car Division, following payment of award for 500 weeks. Award to plaintiff until further order and not to exceed 250 additional weeks. Defendant appeals. Affirmed.

*Charfoos, Gussin, Weinstein & Kroll (Samuel Charfoos*, of counsel), for plaintiff.

*Henry M. Hogan (G. W. Gloster, E. H. Reynolds* and *Stuart McCallum*, of counsel), for defendant.

CARR, J. On November 27, 1944, plaintiff sustained an accidental personal injury arising out of and in the course of his employment by defendant. He was at the time engaged in pulling a truck weighing approximately 1,200 pounds over a rough floor. It was claimed that the truck struck some obstacle, as a result of which plaintiff suffered a jolt or jerk resulting in a heart condition that caused him to be totally disabled. Proceedings instituted in his be-

half resulted in an award of compensation for total disability at the rate of $21 per week from November 27, 1944, until the further order of the commission.

Compensation was paid in accordance with said award for a period of 500 weeks, payments being stopped as of June 26, 1954. On August 16th thereafter plaintiff made application for further compensation payments, alleging that he was totally and permanently disabled as a result of the 1944 injury. The referee before whom the proofs were taken denied further compensation, but the . workmen's compensation appeal board, following its review on appeal, concluded that plaintiff was, as he claimed, totally and permanently disabled, and "entitled to further compensation at the rate of $21 per week from June 27, 1954, until the further order of the department but not to exceed 750 weeks from the date of injury." On leave granted, defendant has appealed, asserting that the award is not in accordance with pertinent provisions of the workmen's compensation law of the State.*

Involved in the case is the interpretation of part 2, section 9, of the compensation act (CL 1948, § 412.9 [Stat Ann 1947 Cum Supp § 17.159]). At the time of plaintiff's injury said section read as follows:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation equal to 66-2/3 per centum of his average weekly wages, but not more than $21.00 nor less than $10.00 a week; and in no case shall the period covered by such compensation be greater than 500 weeks from the date of the in-

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948 and CLS 1956, § 411.1 *et seq.* [Stat Ann 1950 Rev and Stat Ann 1957 Cum Supp § 17.141 *et seq.*]).

jury, nor shall the total amount of all compensation exceed $10,500.00, except for permanent and total disability, when the compensation shall be paid for 750 weeks from the date of the injury."

Section 10 of part 2 (CL 1948, § 412.10 [Stat Ann 1947 Cum Supp § 17.160]), as it read at the time of plaintiff's injury, provided for the payment of weekly compensation resulting from injuries partially disabling, and indicated the amount of compensation payable for enumerated specific losses. Included therein was a provision that the loss of both hands, both arms, both feet, both legs, or both eyes, or any 2 thereof, should constitute total and permanent disability, to be compensated according to the provisions of section 9.

Counsel for defendant argue that the period of 750 weeks specified in section 9, above quoted, as a period for the payment of compensation for permanent and total disability must be construed as establishing "a specific loss period," and such disability must result, if not limited to such losses as are specified in section 10, to a physical or mental condition of such nature as to do more than to keep the employee from doing the kind of work in which he was engaged prior to his injury. If not of such nature, it is contended that the limit of compensation is in all cases 500 weeks from the date of injury. It is insisted also that the appeal board by its award merely extended the 500-week period on the basis of the established inability of plaintiff to engage in employment of the nature that he was pursuing prior to November 27, 1944. Emphasis is placed on the fact that the appeal board by its order directed the payment of compensation "until further order."

The interpretation of the statutory provision, above referred to, was involved in *Springer* v. *Reed Foundry & Machine Company,* 346 Mich 11, and in *Edwards* v. *Michigan Light Alloys Corporation,* 346

Mich 169. In the first case cited plaintiff sustained a personal injury during the course of his employment and arising therefrom for which compensation was voluntarily paid until July 23, 1953, a total period of 500 weeks. Subsequently a petition was filed alleging the right to further compensation, for total and permanent disability, for 750 weeks from and after the date of his injury. The proofs indicated that plaintiff had become insane. The award of the deputy commissioner finding plainitff "entitled to continue to receive compensation at the rate of $21 per week until further order of the commission, but not to exceed 750 weeks from December 24, 1943," was affirmed by the appeal board. This Court sustained the award as against the specific objection that the exception in section 9 of part 2, above quoted, was limited to enumerated losses set forth in section 10.

This holding was followed in the *Edwards Case, supra,* in which the award of the appeal board granting plaintiff compensation for permanent and total disability at the rate of $21 per week from August 24, 1954, "until the further order of the workmen's compensation department or until the expiration of 750 weeks from January 23, 1945, the date of injury herein" was upheld. These decisions indicate the position that this Court has taken with reference to the interpretation of part 2, section 9, of the compensation act. The scope of the reference therein to compensation for "permanent and total disability" is not limited to the specific grounds for such disability as set forth in the ensuing section.

On the hearing before the referee testimony was offered indicating plaintiff's physical condition. A physician who had treated him in November, 1944, testified in his behalf, specifically referring to an electrocardiogram taken on the 20th of March, 1945. The following testimony is significant:

"*Q.* What did that reveal?

"*A.* Revealed severe miocardial damage with coronary occlusion, with bundle branch heart block.

"*Q.* What is meant by severe miocardial damage?

"*A.* Well, extensive, the degree, the amount of, the signs of the infarct.

"*Q.* And what is meant by a bundle branch block?

"*A.* That is the interference with the circulation of the induction mechanism of the heart, the conduction mechanism of the heart.

"*Q.* Is that a serious condition, Doctor?

"*A.* The bundle branch block is associated with miocardial infarction, and is a more serious condition than if you had either one singly."

In describing his condition, plaintiff testified, in part, as follows:

"*Q.* Do you have pain anywhere?

"*A.* My heart, around my heart.

"*Q.* How often does that occur?

"*A.* Well, there is more or less of a dull pain there all the time, and then if I do a little exertion, why it gradually gets that much stronger.

"*Q.* What do you mean by exertion?

"*A.* Well, if I do any kind of work at all.

"*Q.* You mean such as gardening?

"*A.* Yes.

"*Q.* Is there anything else?

"*A.* Well, I get short of breath.

"*Q.* When does that occur?

"*A.* Well, that is when I do a little work.

"*Q.* How much walking do you do?

"*A.* Well, I can walk around 2 blocks and I got to rest. * * *

"*Q.* Where do you feel this weakness?

"*A.* Well, sir, all through my body and my fingers, will start getting numb like tingling in the fingers.

"*Q.* Has this condition changed or improved any in the last 8, 9 years?

"*A.* No, it is gradually getting worse."

Without discussing the testimony at length, we conclude that it was sufficient on which to base the finding of the appeal board to the effect that plaintiff was at the time of the hearing totally and permanently disabled. There being testimony to support the finding, the Court, under the express provision of CL 1948, § 413.12 (Stat Ann 1950 Rev §17.186), is bound thereby. *Palchak* v. *Murray Corporation of America,* 318 Mich 482; *Hooks* v. *Wayne County Road Commissioners,* 345 Mich 384.

In each case of this nature whether the disability is total and permanent becomes a question of fact. The application of the provision of part 2, section 9, with reference to compensation therefor cannot be limited to instances where such result has followed solely from causes wholly excluding any possibility of improvement or rehabilitation. Such an interpretation would not be consistent with the obvious purpose of the legislature in the enactment of the statutory provision in question. It might well result in withholding compensation for total and permanent disability in many instances involving physical or mental incapacity.

We are not in accord with the argument of counsel for defendant that an award for total and permanent disability under the statute must be absolute in form for the period of 750 weeks following the date of injury. Such argument rests on a claim that the period of time mentioned is a "specific loss period." The case of *Rench* v. *Kalamazoo Stove & Furnace Co.,* 286 Mich 314, to which counsel have called attention, is significant in this respect. Under a provision of the workmen's compensation act, there involved, the loss of both hands was declared to constitute "total and permanent disability, to be compensated according to the provisions of section 9." The department held that plaintiff had lost the industrial use of both hands, was permanently dis-

abled, and was entitled to compensation at the rate of $18 per week for 500 weeks. This Court questioned the correctness of the form of such order, which was obviously based on the provision of the statute declaring that the loss of both hands would constitute total and permanent disability, suggesting (p 321) that it should be changed to read "compensation at the rate of $18 per week, beginning September 17, 1937, and continuing until further order." Notwithstanding the language of the statute, it was suggested that the plaintiff might in the future acquire some industrial use of his hands, and that in such event defendant should not be precluded from a further adjudication based thereon. The form of the order entered by the appeal board in the instant case is in harmony with the suggestion made in the prior decision cited, and is in accord with the spirit and intent of the workmen's compensation law. It is significant to note that in the *Springer* and *Edwards Cases, supra,* the awards of compensation which this Court approved were in similar form.

The award of the appeal board of the workmen's compensation commission is affirmed. Plaintiff may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.