### GRIFFITH v. CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—RES JUDICATA.

The doctrine of *res judicata* applies to workmen's compensation decisions, when the precise issue of fact or law has been at issue and decided in the preceding adjudication.

2. SAME—FINDING OF APPEAL BOARD—TOTAL DISABILITY—PERMANENT DISABILITY.

Order of workmen's compensation appeal board affirming referee's finding that plaintiff was then "totally disabled" *held*, not to constitute a finding that plaintiff was "totally and permanently disabled" so as to entitle him to an additional 250 weeks of compensation (CL 1948, § 412.9, as amended by PA 1949, No 238).

3. SAME—FURTHER COMPENSATION—TOTAL AND PERMANENT DISABILITY—FINDING OF WORKMEN'S COMPENSATION APPEAL BOARD—EVIDENCE.

Evidence presented in plaintiff's proceeding to recover further compensation for total disability after expiration of 500 weeks from date of injury to hand *held*, sufficient on which to base a finding of the workmen's compensation appeal board that plaintiff was not at the time of hearing totally and permanently disabled so as to entitle him to an additional 250 weeks of compensation (CL 1948, § 412.9, as amended by PA 1949, No 238).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 March 1, 1966, at Lansing. (Docket No. 711.) Decided June 14, 1966. Leave to appeal denied by Supreme Court September 7, 1966. See 378 Mich 730.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 493.
   Res judicata as regards decisions or awards under workmen's compensation acts. 122 ALR 550.
[2] 58 Am Jur, Workmen's Compensation § 283.
[3] 58 Am Jur, Workmen's Compensation § 530.

Herod Griffith presented a claim for workmen's compensation against Chrysler corporation for loss of fingers of his right hand. Compensation awarded. Plaintiff filed an application for further compensation. Compensation awarded. Award set aside by Workmen's Compensation Appeal Board. Plaintiff appeals. Affirmed.

*Kelman, Loria, Downing & Craig (Jerome W. Kelman,* of counsel), for plaintiff.

*Lacey & Jones (T. F. Felker,* of counsel), for defendant.

McGREGOR, P. J. On May 28, 1952, the plaintiff lost the index and middle fingers of his right hand in an accident which arose out of and in the course of his employment with the defendant Chrysler corporation. Defendant was paid compensation benefits for the loss of these fingers in accordance with the statute then applicable, for a total of 65 weeks.[*] Seeking general disability benefits, following the expiration of the 65-week period, the plaintiff filed an application for hearing and adjustment of claim in January, 1959. The referee hearing the case on this application entered a decision which provided in part:

"It is therefore ordered that said defendant pay compensation at the rate of $24 per week for *total disability* to said employee from March 7, 1958, to June 15, 1959, inclusive, and further, that said employee is still *totally disabled* and defendant shall pay compensation at the rate of $24 until further order of the department.

"It is further ordered that plaintiff is disabled in the general field of common labor as the result of the

---

[*] See CL 1948, § 412.10, as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.160).—REPORTER.

above injury which caused the loss of the index and middle fingers of his right hand." (Emphasis supplied.)

On February 26, 1960, the appeal board affirmed this order with a minor modification requiring the defendant to pay interest.

The defendant corporation continued to pay compensation to the plaintiff, except for a period of time during which the plaintiff's earnings were equal to or greater than his wage at the time of the injury, until December 26, 1961, at the end of the 500-week period dating from the time of the injury. Plaintiff then filed his application for further compensation, on January 2, 1962. On this application, the hearing referee granted plaintiff an additional 250 weeks of compensation benefits for total and permanent disability (CL 1948, § 412.9, as amended by PA 1949, No 238 [Stat Ann 1950 Rev § 17.159]). By order of March 9, 1965, the appeal board reversed the decision of the referee and denied compensation benefits to the plaintiff on the grounds that the evidence presented failed to show total permanent disability.

Plaintiff has appealed to this Court, contending that the appeal board order of February 26, 1960, is *res judicata* as to the fact that he is totally and permanently disabled.

It is clear that the doctrine of *res judicata* applies to workmen's compensation decisions when the precise issue of fact or law was at issue and decided in the preceding adjudication. *White* v. *Michigan Consolidated Gas Co.* (1958), 352 Mich 201.

Although the appeal board order of February 26, 1960, affirmed the referee's finding that plaintiff was totally disabled, this award did not constitute a finding that plaintiff was *totally and permanently disabled* so as to entitle him to an additional 250 weeks

of compensation. This issue of total and permanent disability is open to adjudication. Since the record contains evidence to support the finding of the appeal board of March 9, 1965, it is sustained. *Walding* v. *General Motors Corp.* (1958), 352 Mich 372.

The order of the workmen's compensation appeal board is affirmed. Costs are awarded to defendant-appellee.

HOLBROOK and QUINN, JJ., concurred.